USDC SCAN INDEX SHEET










```
CAG    8/26/04    15:29
3:04-CV-00326    LITE BREEZE INC V. SPEARS
*28*
*RESP.*
```

| | |
|---|---|
| 1  Peter J. Anderson, Esq., SBN 088891<br>   LAW OFFICES OF PETER J. ANDERSON<br>2  A Professional Corporation<br>   100 Wilshire Boulevard<br>3  Suite 2010<br>   Santa Monica, CA 90401<br>4<br>   Tel: (310) 260-6030<br>5  Fax: (310) 260-6040 | FILED<br><br>04 AUG 26 AM 10: 24<br><br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br><br>BY _____ DEPUTY |

6  Attorney for Defendants BRITNEY SPEARS,
   CLEAR CHANNEL ENTERTAINMENT
7  TELEVISION HOLDINGS, INC.,
   SIGNATURES NETWORK, INC. and
8  ZOMBA RECORDING CORP.

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11 | LITE BREEZE, INC., a California | ) Case No. '04 CV 0326 DMS (JFS)
   | Corporation,                     | )
12 |                                  | ) DEFENDANTS' RESPONSE TO
   |        Plaintiff,                | ) PLAINTIFF'S MOTION TO FILE
13 |                                  | ) SECOND AMENDED COMPLAINT
   |    vs.                           | )
14 |                                  | ) Date: September 9, 2004
   | BRITNEY SPEARS, an individual;   | ) Time: 9:00 a.m.
15 | CLEAR CHANNEL ENTERTAINMENT      | ) Courtroom 1/E
   | TELEVISION HOLDINGS, INC., a     | )
16 | Delaware Corporation; SIGNATURES | )         The Honorable
   | NETWORK, INC., a California      | )         James F. Stiven
17 | Corporation; JIVE RECORDS, INC., a | )       Magistrate Judge
   | New York Corporation; and DOES 1-10, | )
18 |                                  | )
   |        Defendants.               | )
19 |                                  | )

                                            1
DEFENDANTS' RESPONSE TO PLAINTIFF'S                                    04CV0326
MOTION TO FILE SECOND AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff owns two federal trademark registrations for the common phrase "in the zone," which plaintiff uses for sportswear sold to schools. Two months after the November, 2003 release of the Britney Spears In the Zone album, plaintiff filed with the United States Patent and Trademark Office an "intent to use" application, claiming a bona fide intention to begin using "in the zone" as plaintiff's mark for record albums and concerts. Complaint at 3, ¶ 11 & Ex. A. Plaintiff then filed this action on February 17, 2004, for trademark infringement, unfair competition and false advertising. Now, six months later and after all defendants have answered, plaintiff seeks leave to file a Second Amended Complaint, ostensibly to "add Britney Brands, Inc. as a defendant." Plaintiff's Notice of Motion at 2, lines 1-3.

Given that pleading amendments are liberally allowed in federal court, defendants might well have stipulated to amendment if plaintiff had asked that they do so. Plaintiff instead opted to file a motion and, for at least the following reasons, plaintiff has proceeded improperly.

Plaintiff failed to provide the required 28 days notice of its Motion for leave to file a Second Amended Complaint. Plaintiff served its Motion by mail on August 11, 2004, referring in the cover page to a hearing on September 9, 2004, or 29 days later. Since three days is added for service by mail, Civil Local Rule 7.1(e)(4), plaintiff failed to provide the notice required by Civil Local Rule 7.1(e)(1). That alone is reason to deny the Motion.

1  In addition, plaintiff is not being candid with the Court.

2

3  First, in an attempt to explain why it waited six months to seek leave to add
4  Britney Brands, Inc. as a defendant, plaintiff says that after it filed its First Amended
5  Complaint on May 13, 2004, it "discovered" that Britney Brands, Inc. is identified as
6  the copyright proprietor of the artwork on a t-shirt that supposedly infringes plaintiff's
7  mark. *See* plaintiff's Memorandum in support of plaintiff's Motion at 2, line 25, to 3,
8  line 2. But plaintiff carefully omits from its moving papers that it obtained that t-shirt
9  at the outset of this case in February, 2004, and months before it filed its First
10 Amended Complaint in May. *See, e.g.,* Declaration of Ms. Walker at 2, lines 10-12
11 ["Lite Breeze purchased a t-shirt which features a picture of Ms. Spears with the phrase
12 'IN THE ZONE' printed on the t-shirt," *citing* plaintiff's First Amended Complaint
13 and omitting when that t-shirt was purchased]; *see* Declaration attached hereto at 1, ¶
14 2. In addition to not disclosing that it has had the t-shirt since February, plaintiff does
15 not explain how it only recently "discovered" the copyright notice on the t-shirt.

16

17 Second, plaintiff says that it seeks leave to file a Second Amended Complaint
18 "in order to add Britney Brands, Inc. as a defendant in this action." Plaintiff's Notice
19 of Motion at 2, lines 1-3; *see, also* plaintiff's Memorandum in support of the Motion at
20 2, lines 14-17, at 3, lines 24-25, at 4, lines 4-7, & Declaration of Ms. Walker at 2, lines
21 18-19. But in truth plaintiff makes another and material change to its pleadings that it
22 does not mention in its moving papers: plaintiff's proposed Second Amended
23 Complaint replaces plaintiff's prior allegations that plaintiff *is starting to use* its
24 claimed mark in connection with *record albums*, to a new allegation that *since 1994*

3

plaintiff has been using the mark for *musical performances and concerts*. *Compare* Complaint & First Amended Complaint at 4, ¶ 15 *with* proposed Second Amended Complaint at 4, ¶ 16; *see* Declaration attached hereto at 6-8, ¶¶ 3-5 & Exhibit 1.

This new allegation of years of concert promotion follows on the heels of plaintiff's realization that it can have no trademark in a record title,[1] and that the First Amendment bars plaintiff's claims as to the title of the Britney Spears In the Zone album.[2] Plaintiff's attempt to switch from claiming to be a new record company to claiming to be an old concert promoter will not save the day.[3] But it is nevertheless a material change and disclosure of this change should not have been omitted from plaintiff's moving papers.

Defendants recognize that as a general matter amendments are liberally allowed. But the "strong policy toward permitting the amendment of pleadings, . . . must be

---

[1] *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1162 (Fed. Cir 2002); 2 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* (4th Ed. 2004) 10-7.

[2] The album is an artistic work and "application of the Lanham Act to titles of artistic works [is prohibited] unless the title 'has no artistic relevance to the underlying work whatsoever or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work.'" *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 793, 807 (9th Cir. 2003), *quoting Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989). Here, "in the zone" is relevant to the Britney Spears album for several reasons -- including that the phrase is in the lyrics of one of the album's songs -- and the use of this common phrase does not explicitly mislead.

[3] That is so because, *inter alia*, while the Britney Spears Onyx Hotel concert tour was initially referred to as the Britney Spears In the Zone Tour 2004, that title for the public performances is also protected by the First Amendment and under *Mattel*, and clearly specifies their source.

4

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT

04CV0326

1 tempered with considerations of 'undue delay [or] bad faith . . . on the part of the
2 movant, . . . .'" *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435,
3 443 (9th Cir. 1991), *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9
4 L.Ed.2d 222 (1962); *see, also Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d
5 1429, 1432 (9th Cir. 1991) ["Amendments seeking to add claims are to be granted
6 more freely than amendments adding parties" ]. Defendants respectfully leave to the
7 Court's sound discretion whether plaintiff's unexplained delay in seeking to amend and
8 plaintiff's lack of candor both in connection with that delay and the changes in the
9 proposed new pleading, are sufficient grounds to decline to allow plaintiff to amend.

Respectfully submitted,

Dated: August 25, 2004

_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC. and
ZOMBA RECORDING CORP.

## DECLARATION

I, Peter J. Anderson, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I have personal knowledge of the following facts and could competently testify to those facts if called upon to do so. I represent the named defendants in this action.

2. On March 8, 2004, I spoke with Charles Reidelbach, Esq., plaintiff's first lawyer in this case. During the course of our conversation we discussed the t-shirts with artwork that refers to the title of the Britney Spears In the Zone album, and which plaintiff claims constitute an infringement of its marks. We discussed that defendant Signatures Network, Inc. had sold only 354 of the t-shirts and had discontinued the t-shirt in February, 2004, and Mr. Reidelbach told me he had obtained one of the t-shirts.

3. Plaintiff's Complaint in this action alleges at page 4, paragraph 15:

"15. In addition, *as of the date of the filing of this Complaint*, Plaintiff is actively engaged in expanding its use of the IN THE ZONE mark in connection with *musical recordings* in interstate commerce throughout the United States including in the State of California."

(Emphasis added.)

6

DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT

04CV0326

4.   Plaintiff's First Amended Complaint repeats the exact same allegation at page 4, paragraph 15:

"15.   In addition, as of the date of the filing of this Complaint, Plaintiff is actively engaged in expanding its use of the IN THE ZONE mark in connection with musical recordings in interstate commerce throughout the United States including in the State of California."

5.   Plaintiff's proposed Second Amended Complaint adds Britney Brands, Inc. as a defendant, adds a new paragraph 7 referring to Britney Brands, Inc., and also changes the prior allegations of plaintiff's use of the mark "in connection with musical recordings," and alleges at page 4, paragraph 16:

"16.   In addition, *as early as 1994*, Plaintiff has actively engaged in expanding its use of the IN THE ZONE mark in connection with *musical performances and promotion of musical concerts* in interstate commerce throughout the United States including in the State of California."

(Emphasis added)  Attached to this Declaration as Exhibit 1 is a copy of the paragraph 15 that appears in plaintiff's Complaint and First Amended Complaint, marked to

///
///
///

7
DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT

04CV0326

1  show the changes plaintiff makes to this paragraph in the proposed Second Amended
2  Complaint.

3

4      I declare under penalty of perjury that the foregoing is true and correct and that
5  this Declaration is executed on August 25, 2004, at Santa Monica, California.

                                                      */s/ Peter J. Anderson*
                                                      Peter J. Anderson

"16. In addition, as early as 1994, Plaintiff has actively engaged in expanding its use of the IN THE ZONE mark in connection with musical performances and promotion of musical concerts in interstate commerce throughout the United States including in the State of California."

Deleted: 5
Deleted: of the date of the filing of this Complaint
Deleted: i

Deleted: recordings

Exhibit 1

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to counsel's last known address as follows:

Kathleen M. Walker, Esq.
Attorney at Law
3421 Thorn Street
San Diego, CA 92104

Santa Monica, California, on August 25, 2004, 2004.

_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC. and
ZOMBA RECORDING CORPORATION