USDC SCAN INDEX SHEET

















CAG    9/7/04    10:12

3:04-CV-00326    LITE BREEZE INC V. SPEARS

*32*

*RPLYOPPM.*

1  KATHLEEN M. WALKER
   Attorney At Law
2  3421 Thorn Street
   San Diego, California  92104
3  TEL: (619) 255-0987
   FAX: (619) 255-0986
4
   Attorney for Plaintiff LITE BREEZE, INC.
5

FILED

'04 SEP -3 PM 2: 50

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

11  LITE BREEZE, INC., a California          CASE NO. 04-CV-0326 DMS (JFS)
    Corporation,
12                                           **REPLY MEMORANDUM OF LAW IN**
                      Plaintiff,             **SUPPORT OF LITE BREEZE, INC.'S**
13                                           **MOTION TO FILE SECOND AMENDED**
    v.                                       **COMPLAINT**
14
    BRITNEY SPEARS, an individual; CLEAR
15  CHANNEL ENTERTAINMENT                    **DATE:  SEPT. 9, 2004**
    TELEVISION HOLDINGS, INC., a             **TIME:  9:00 A.M.**
16  Delaware Corporation; SIGNATURES         **JUDGE:  JAMES F. STIVEN**
    NETWORK, INC., a California
17  Corporation; ZOMBA RECORDING
    CORPORATION, dba JIVE RECORDS, a
18  New York Corporation; and DOES 1-10,
19                    Defendants.

ORIGINAL

REPLY MEMO OF LAW IN SUPPORT OF MOTION
TO FILE SECOND AMENDED COMPLAINT

## I.  INTRODUCTION

In Defendants' Response To Plaintiff's Motion To File Second Amended Complaint, dated August 25, 2004, Defendants basically state that they would have stipulated to the filing of a second amended complaint.[1]  See Def. Memo at 2.  However, instead of simply not objecting to Plaintiff's motion to amend, Defendants used this motion as an opportunity to put scurrilous and inflammatory materials before the Court, stating, "Plaintiff is not being candid with the Court."  See Def. Memo at 3.  Defendants' comments were unnecessary and inappropriate.  Accordingly, Plaintiff responds to the unfair accusations below.

## II. ARGUMENT

### A.  Defendants Had Proper Notice Of The September 9 Hearing Date

Defendants claim that they did not have proper notice of the September 9 hearing on Plaintiff's motion to amend.  See Def. Memo at 2-3.  Defendants fail to inform the Court of two separate but very important details.  On or about August 5, 2004, Plaintiff's counsel served Defendants' counsel with notice of the motion and motion seeking leave to amend the complaint.  At that time, Plaintiff's counsel failed to put the hearing date on the motion papers.  By e-mail dated August 9, 2004, counsel for Defendants asked whether a motion date had been set.  By return e-mail, counsel for Defendants was informed that the motion date had been set for September 9, 2004.  See Walker Sup. Dec. ¶ 2.[2]

Subsequently, the Court rejected Plaintiff's motion papers because the caption page did

---

[1]  References herein to "Def. Memo" are to Defendants' Response To Plaintiff's Motion To File Second Amended Complaint, dated August 25, 2004.

[2]  References herein to "Walker Sup. Dec." are to the Supplemental Declaration Of Kathleen M. Walker In Support Of Plaintiff's Motion To File A Second Amended Complaint, dated August 31, 2004.

REPLY MEMO OF LAW IN SUPPORT OF
MOTION TO FILE SECOND AMENDED

1   not contain the motion date and because a memorandum of law was not included.  See

2   Discrepancy Order, dated Aug. 10, 2004 (doc. no. 23).  To rectify this oversight, Plaintiff's

3   counsel immediately re-filed the motion papers and served Defendants counsel by mail and by

4   facsimile on August 11, 2004.  See Walker Sup. Dec. ¶ 3 and Ex. A.  In short, Defendants'

5   counsel received adequate notice of the motion and the corresponding hearing date.

6

7        **B.  Plaintiff's Discovery That Britney Brands Was Involved In The Infringement of**
8          **Plaintiffs' Trademarks And Should Be Added As A Defendant To This Action**

9       Defendants' counsel accuses Plaintiff of somehow attempting to deceive the Court as to

10   the date it discovered that Britney Brands, Inc. was involved with the production of the infringing

11   t-shirts.  First, this argument lacks factual merit and second, it is legally irrelevant to the motion

12   as laches is not a defense to adding a defendant to an action before discovery even begins.

13

14       In his declaration, Mr. Anderson, counsel for Defendants states that he had a conversation

15   with Plaintiff's previous counsel, Charles Reidelbach, Esq., about the t-shirt that identifies

16   Britney Brands as a copyright holder.  See Anderson Dec. at ¶ 2.[3]  Simply because Mr.

17   Reidelbach had the t-shirt in his possession in March does not mean that Plaintiff or its current

18   counsel had examined the t-shirt and noticed the very small font containing the Britney Brands

19   copyright notice.  In fact, when the t-shirt was purchased, Mr. Garner, the President of Lite

20   Breeze, was in Asia and did not physically see the t-shirt until July 2004, shortly before the

21   Court's scheduled Early Neutral Evaluation Conference.  Moreover, Mr. Reidelbach never

22   conveyed to Mr. Garner that a copyright notice was printed on the t-shirt.  See Garner Dec. ¶ 2.[4]

23

24       As to Ms. Walker, Plaintiff's current counsel, she did not physically receive the t-shirt and

25   other materials from Mr. Reidelbach until early June 2004.  At that time, she did not study the t-

26   _____

27 [3]  References herein to "Anderson Dec." are to Declaration of Peter J. Anderson, dated August 25 and attached to
Defendants' Response to Plaintiff's Motion to File Second Amended Complaint.

28

REPLY MEMO OF LAW IN SUPPORT OF
MOTION TO FILE SECOND AMENDED

shirt and did not notice the copyright notice printed in a very small font under the photograph of Ms. Spears. <u>See</u> Walker Sup. Dec. at ¶ 4. Most importantly, Ms. Walker was unaware of the existence of Britney Brands, Inc. and its assertion of a copyright in the infringing t-shirt at the time Plaintiff filed its Amended Complaint on April 14, 2004. Had Plaintiff or its counsel discovered the existence of Britney Brands and its asserted copyright earlier, it would have included Britney Brands, Inc. as a defendant when it amended its complaint – without the need of leave of court – on April 14, 2004. <u>See</u> Walker Sup. Dec. at ¶ 5.

Finally, when Plaintiff did discovery Britney Brands and its connection with the claims in this action, Plaintiff's counsel informed both the Court and Mr. Anderson during a conference call held on June 23, 2004 of its intention to amend the complaint to add Britney Brands as a defendant. Additionally, during the early neutral evaluation conference held on July 23, 2004, Ms. Walker informed the Court and the defendants of Lite Breeze's intention to file an amended complaint. <u>See</u> Walker Sup. Dec. at ¶ 6. Roughly two weeks later, the motion papers were filed.

In short, neither Plaintiff nor its counsel has attempted to deceive the Court in any manner and has made no misrepresentations of any sort in filing its motion papers.

## C. Plaintiff's Proposed Second Amended Complaint

In addition to adding Britney Brands as a Defendant, Plaintiff also amended paragraph 16 of the proposed second amended complaint to indicate that Plaintiff had actually been involved in the music industry since 1994. By making this proposed amendment, Plaintiff was not attempting to engage in any covert activity. Instead, Plaintiff was simply correcting an oversight made by its previous attorney in outlining the facts of the case in the complaint.

When Mr. Reidelbach originally drafted and filed the complaint for Plaintiff, Mr. Garner was in Asia and did not have the opportunity to flesh out all of the details of Lite Breeze's

---

[4] References herein to "Garner Dec." are to the Declaration Of Rodd Garner In Support Of Plaintiff's Motion To

REPLY MEMO OF LAW IN SUPPORT OF
MOTION TO FILE SECOND AMENDED

common law usage of the IN THE ZONE mark.   Through the use of international long-distance telephone calls, Mr. Garner explained Lite Breeze's common-law usage of the mark to his former counsel for the purpose of drafting and filing the complaint. <u>See</u> Garner Dec. at ¶ 3. Although more detailed facts have surfaced since Mr. Reidelbach filed the complaint, the complaint filed on February 17, 2004 did adequately pled the existence of a claim for common law unfair competition and trademark infringement. <u>See</u> Compl. ¶¶ 31-35. Because Ms. Spears was scheduled to launch her IN THE ZONE WORLD TOUR 2004 in March 2004, time was of the essence to get a complaint on file seeking injunctive relief before the concert tour began. <u>See</u> Garner Dec. at ¶ 4.

Again, Defendants are asserting an argument in their responsive papers that has no bearing on the legal issues in this action and was submitted only to harass and embarrass the Plaintiff. As a matter of law, Federal Rule of Civil Procedure 15(a) does not require a party to identify changes in any amended pleading either to the Court or to the opposing party. Moreover, even if Plaintiff had not changed paragraph 16 of the proposed second amended complaint, pursuant to Federal Rule of Civil Procedure 15(b), the evidence and related issues to Plaintiff's common law trademark claim would have "been treated in all respects as if they had been raised in the pleadings." Defendants have known the basic details of Lite Breeze's common law trademark claims since at least May 27, 2004.  On that date, counsel for the parties engaged in a telephone conference call in an attempt to settle this matter.  The matter was not settled; however, Mr. Garner explained in detail Lite Breeze's participation in the music industry and the basis for its common law trademark claims. <u>See</u> Walker Sup. Dec. at ¶ 7.

In sum, Plaintiff's change to paragraph 16 of the proposed second amended complaint reflects additional information available to Plaintiff's current counsel that was not available to Plaintiff's previous counsel due to Mr. Garner's absence from the country when the complaint

1   was drafted and filed.  Moreover, Plaintiff had no duty to inform Defendants' counsel as to the

2   changes in the proposed amended complaint.  Plaintiff's oversight in not bringing that proposed

3   change to Defendant was not intended to be malicious or covert in any manner, it was simply an

4   oversight.

5                                                      * * * *

6

7       In conclusion, Defendants have not raised a single issue that is relevant to the Court's power

8   or decision to allow Plaintiff to file a second amended complaint in this action.  Defendants

9   simply used their motion papers as an opportunity to smear Plaintiff and its counsel by raising

10  unsubstantiated questions relating to Plaintiff's motivation for filing a second amended

11  complaint.  Plaintiff respectfully requests that the Court ignore Defendants' attempt to call into

12  question Plaintiff and its counsel's integrity and grant leave to file the second amended complaint.

13

14  **III. CONCLUSION**

15          For all of the foregoing reasons, Plaintiff Lite Breeze respectfully requests that the Court

16  grant leave to file a second amended complaint to add Britney Brands, Inc. as a defendant in this

17  action.

18

19  DATED:  September 1, 2004

20

21                                      By: _____

22                                          KATHLEEN M. WALKER, ESQ.

23                                          Attorney for Plaintiff
                                            LITE BREEZE, INC.
24

25

26

27

28

PROOF OF SERVICE

I, Kathleen M. Walker, declare:

    1.    I am over 18 years of age and am not a party to the above captioned action.  My business address is 3421 Thorn Street, San Diego, California 92104.

    2.    On September 1, 2004, I served:

**DECLARATION OF RODD GARNER IN SUPPORT OF PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT;**

**SUPPLEMENTAL DECLARATION OF KATHLEEN M. WALKER IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT; and**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LITE BREEZE'S MOTION TO FILE SECOND AMENDED COMPLAINT;**

via prepaid United States regular mail:

Peter J. Anderson, Esq.
100 Wilshire Boulevard
Suite 2010
Santa Monica, California 90401
310-260-6040 (Facsimile)

Attorney For Defendants.

    I declare under the penalty of perjury of the State of California, that the above is true and correct.

Dated this 1st day of September, 2004

Kathleen M. Walker

REPLY MEMO OF LAW IN SUPPORT OF
MOTION TO FILE SECOND AMENDED