USDC SCAN INDEX SHEET

















CAG   10/1/04   10:59
3:04-CV-00326   LITE BREEZE INC V. SPEARS
*38*
*AMDCMP.*

1  KATHLEEN M. WALKER
   Attorney At Law
2  3421 Thorn Street
   San Diego, California 92104
3  TEL: (619) 255-0987
   FAX: (619) 255-0986
4
   Attorney for Plaintiff LITE BREEZE, INC.
5

FILED

04 SEP 30 PM 3: 48

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                    DEPUTY

ORIGINAL

6

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LITE BREEZE, INC., a California Corporation, | CASE NO. 04-CV-0326 DMS (JFS) |
| 12                          Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 13   v. | **(1) TRADEMARK INFRINGEMENT** |
| 14  ·BRITNEY SPEARS, an individual;·CLEAR CHANNEL ENTERTAINMENT | **(2) FALSE DESIGNATION OF ORIGIN (3) COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT** |
| 15  TELEVISION HOLDINGS, INC., a Delaware Corporation;·SIGNATURES | **(4) UNFAIR TRADE PRACTICES** |
| 16  NETWORK, INC., a California Corporation;·ZOMBA RECORDING | **DEMAND FOR JURY TRIAL** |
| 17  CORPORATION, dba JIVE RECORDS, a New York Corporation; BRITNEY | |
| 18  BRANDS, INC., a Louisiana Corporation and ·DOES 1-10, | |
| 19                          Defendants. | |
| 20 | |

21          Plaintiff LITE BREEZE, INC., a California Corporation ("Lite Breeze"), by and through

22  its undersigned counsel, for its Complaint against Defendant Britney Spears, et al., and Does 1-10

23  ("Defendants") alleges as follows.  Allegations made on belief are premised on the belief that the

24  same are likely to have evidentiary support after a reasonable opportunity for further investigation

25  and.discovery.

26  ///

27  ////

28

SECOND AMENDED COMPLAINT

///

///

## JURISDICTION

1.    This action arises under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§ 1051 et seq.) and 28 U.S.C. § 1338, as hereinafter more fully appears.  Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES AND GENERAL ALLEGATIONS

2.    Plaintiff is a corporation organized under the existing laws of the State of California and has an office and principal place of business at 864 Grand Ave., Suite 505, San Diego, California, 92109.

3.    Upon information and belief, Defendant, Britney Spears, is an individual and has a residence at 14518 Greenlaw Church Road, Kentwood, Louisiana, 70444-3732.

4.    Upon information and belief, Defendant, Clear Channel Entertainment Television Holdings, Inc. ("Clear Channel"), is responsible for producing and promoting Britney Spears' upcoming tour in support of her new album, and has an office at 2000 West Loop South, Houston, Texas, 77027.

5.    Upon information and belief, Defendant, Signatures Network, Inc. ("Signatures"), operates Britney Spears' official online store, and has an office at 2 Bryant Street, Suite 300, San Francisco, California, 94105.

6.    Upon information and belief, Defendant, Zomba Recording Corporation ("ZOMBA") doing business as Jive Records, is Britney Spears' recording company, and has an office at 137-139 West 25th Street, New York, New York, 10001.

7.    Upon information and belief, Defendant Britney Brands, Inc. is Britney Spears' apparel company and produces, among other things, t-shirts promoting her recoding albums and related tour merchandizing.  Defendant Britney Brands is a Louisiana Corporation domiciled at 3867 Plaza Tower, First Floor, Baton Rouge, Louisiana 70816

8.    Plaintiff has been unable to ascertain the true names and capacities of defendant

TRADEMARK INFRINGEMENT COMPLAINT

sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend the complaint to allege their true names and capacities when they are known.  Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries herein alleged were proximately caused by their conduct.

9.     As used herein, the term "Defendants" means all Defendants, both jointly and separately, unless otherwise specified by reference to a specifically named defendant.

10.     The actions alleged herein to have been undertaken by Defendants were undertaken by each defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable.  Each Defendant aided and abetted the actions of the other Defendants, in that each Defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part.  Each of the Defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT

11.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     Plaintiff is the owner of certain United States Trademark Registrations and an application for the trademark IN THE ZONE also shown in the table below and attached hereto as **Exhibit A**. These registrations are now valid, subsisting, uncancelled and unrevoked.

| Trademark: | Federal Reg. Or Serial No: | Goods/Services: | Registration Date: |
|---|---|---|---|
| IN THE ZONE | 2,478,730 | Clothing, specifically T- shirts and sweatshirts. | August 21, 2001 |

TRADEMARK INFRINGEMENT COMPLAINT

3

| | | and sweatshirts. | |
|---|---|---|---|
| IN THE ZONE | 2,493,712 | Sportswear, namely shorts, T-shirts, tanktops, sweatshirts and sweatpants. | October 2, 2001 |
| IN THE ZONE | 78/352,685 | Phonograph records featuring music, pre-recorded audio cassettes and compact disc featuring music; pre-recorded video tapes featuring music performances; magnetically encoded phone cards. Entertainment services in the nature of live performances by a musical artist. | Pending |

13.    At all times relevant hereto, Plaintiff has been and still is the owner of the exclusive rights under the Trademark Act of 1946 (15 U.S.C. §§ 1051 et seq., and all amendments thereto) (the "Trademark Act") of the trademark IN THE ZONE for clothing, musical recordings and entertainment services.

14.    Plaintiff also owns state trademark registrations in California and Illinois for IN THE ZONE covering apparel. These registrations are now valid, subsisting, uncancelled and unrevoked.

15.    Continuously since on or about June, 1992, Plaintiff has used its IN THE ZONE trademark in connection with and to identify its line of clothing and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on shirts, caps and shorts, and advertising and promotional materials distributed throughout the United States.  Plaintiff's products sold under the IN THE ZONE mark and brand name are provided nationwide including in the State of California.  Images of a representative sample of Plaintiff's clothing goods are attached as **Exhibit B**.

16.    In addition, as early as 1994, Plaintiff has actively engaged in expanding its use of the IN THE ZONE mark in connection with musical performances and promotion of musical concerts in interstate commerce throughout the United States including in the State of California.

TRADEMARK INFRINGEMENT COMPLAINT

17.     As a result of the foregoing acts of Plaintiff and persons acting under its direction, supervision and control, Plaintiff has built and developed its business under its mark.  The general public identifies services bearing such designation as being under and subject to Plaintiff's direction, supervision, control and license.  Prior to the Defendants' acts hereafter referred to in this complaint, Plaintiff acquired, and now owns, good will of great value in such business and in the use of such designation, mark and symbols as make up the Plaintiff's mark.

18.     Since 1992, Plaintiff has spent tens of thousands of dollars advertising, promoting, policing and defending its valuable rights.

19.     Beginning in or about November 2002, Plaintiff is informed and believes, and thereupon alleges, that Defendants used the term IN THE ZONE in conjunction with providing goods and services in the area of clothing, musical recordings and entertainment services, which are marketed and offered for sale to the public.  An image of a representative sample of defendant's use (from defendant Spears' official online store web site) is attached hereto as **Exhibit "C."**

20.     After investigation, Plaintiff has determined that Defendants are, without consent, infringing Plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of clothing, musical recordings, and entertainment services in interstate commerce under the name IN THE ZONE, and the operation of an Internet Web site, at http://www.fanfire.com/cgi-bin/WebObjects/fanfire.woa/wa/artist?artistName=Britney+Spears&sourceCode=BRSWEB prominently displaying, advertising, and promoting clothing and musical recording products under the same name.

21.     The Defendants' use of IN THE ZONE in connection with clothing, musical recordings, and entertainment services is nearly identical with the mark used by Plaintiff and the public generally to identify Plaintiff's goods and services, is of a type virtually identical to the type of clothing offered by Plaintiff, is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

5

TRADEMARK INFRINGEMENT COMPLAINT

22.     Defendants' use of IN THE ZONE in connection with clothing, musical recordings, and entertainment services has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark IN THE ZONE and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

23.     Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered IN THE ZONE trademarks. Plaintiff has no adequate remedy at law.

24.     As a direct and proximate cause of Defendant's infringement, Plaintiff has been damaged in the amount of $10,000,000 or according to proof at trial.

25.     Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)

26.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Upon information and belief, Defendants' have used the designation IN THE ZONE in connection with clothing, musical recordings and entertainment services in interstate commerce. Said use of the designation IN THE ZONE is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

28.     Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its IN THE ZONE marks. Plaintiff has no

TRADEMARK INFRINGEMENT COMPLAINT

adequate remedy at law.

29.    By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

30.    Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

31.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.    Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name IN THE ZONE within the State of California and in violation of California law.

33.    Upon information and belief, Defendants' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its IN THE ZONE marks. Plaintiff has no adequate remedy at law.

34.    By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

35.    Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

TRADEMARK INFRINGEMENT COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR TRADE PRACTICES ACT**

36.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     Defendants' activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the California Business and Professions Code Section 17200 et seq.

38.     Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its IN THE ZONE mark. Plaintiff has no adequate remedy at law.

39.     By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

40.     Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

**WHEREFORE, Plaintiff prays:**

1.     That a preliminary and permanent injunction issue restraining Defendants, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the name IN THE ZONE in connection with the offering of clothing, musical recordings, or entertainment services, from infringement of U.S. Trademark Registration No.'s 2,478,730 and 2,493,712, and U.S. Trademark Serial No. 78/352,685, from unfairly competing with Plaintiff, from engaging in unfair and deceptive trade practices and from injuring Plaintiff's

8

TRADEMARK INFRINGEMENT COMPLAINT

business reputation, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Section 17200 et seq. of the California Business and Professions Code and the equitable power of this Court to enforce the common law of the State of California.

2.      That Defendants be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendants' acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Section 17200 et seq. of the California Business and Professions Code and common law of the State of California.

3.      That Defendants be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing IN THE ZONE trademark, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), Section 17200 et seq. of the California Business and Professions Code and the equitable power of this Court to enforce the common law of the State of California.

4.      That Defendants be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 17200 et seq. of the California Business and Professions Code.

5.      For such other and further relief as may be just and equitable.

DATED:  September 28, 2004

By: _____
     KATHLEEN M. WALKER, ESQ.

     Attorney for Plaintiff
     LITE BREEZE, INC.

TRADEMARK INFRINGEMENT COMPLAINT

PROOF OF SERVICE

I, Kathleen M. Walker, declare:

    1.        I am over 18 years of age and am not a party to the above captioned action.  My business address is 3421 Thorn Street, San Diego, California 92104.

    2.        On September 28, 2004, I served:

**SECOND AMENDED COMPLAINT;**


via prepaid United States regular mail and facsimile to:

Peter J. Anderson, Esq.
100 Wilshire Boulevard
Suite 2010
Santa Monica, California 90401
310-260-6040 (Facsimile)

Attorney For Defendants.

    I declare under the penalty of perjury of the State of California, that the above is true and correct.


Dated this 28th day of September, 2004

                                                Kathleen M. Walker

TRADEMARK INFRINGEMENT COMPLAINT

1
KATHLEEN M. WALKER
Attorney At Law
2
3421 Thorn Street
San Diego, California 92104
3
TEL: (619) 255-0987
FAX: (619) 255-0986
4
Attorney for Plaintiff LITE BREEZE, INC.
5

6

7

8
**UNITED STATES DISTRICT COURT**

9
**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LITE BREEZE, INC., a California Corporation, | CASE NO. 04-CV-0326 DMS (JFS) |
| 12 | **SECOND AMENDED COMPLAINT FOR** |
| 13             Plaintiff, | **DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 14  v. | **(1)  TRADEMARK INFRINGEMENT** |
| | **(2)  FALSE DESIGNATION OF ORIGIN** |
| 15  BRITNEY SPEARS, an individual; CLEAR | **(3) COMMON LAW UNFAIR** |
| CHANNEL ENTERTAINMENT | **COMPETITION AND TRADEMARK** |
| 16  TELEVISION HOLDINGS, INC., a | **INFRINGEMENT** |
| Delaware Corporation; SIGNATURES | **(4) UNFAIR TRADE PRACTICES** |
| 17  NETWORK, INC., a California | |
| Corporation; ZOMBA RECORDING | **DEMAND FOR JURY TRIAL** |
| 18  CORPORATION, dba JIVE RECORDS, a | |
| New York Corporation; BRITNEY | |
| 19  BRANDS, INC., a Louisiana Corporation | |
| and DOES 1-10, | |
| 20             Defendants. | |

21
        Plaintiff LITE BREEZE, INC., a California Corporation ("Lite Breeze"), by and through
22
its undersigned counsel, for its Complaint against Defendant Britney Spears, et al., and Does 1-10
23
("Defendants") alleges as follows.  Allegations made on belief are premised on the belief that the
24
same are likely to have evidentiary support after a reasonable opportunity for further investigation
25
and discovery.
26
///
27
////
28

///

///

## JURISDICTION

1.      This action arises under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. §§ 1051 et seq.) and 28 U.S.C. § 1338, as hereinafter more fully appears.  Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES AND GENERAL ALLEGATIONS

2.      Plaintiff is a corporation organized under the existing laws of the State of California and has an office and principal place of business at 864 Grand Ave., Suite 505, San Diego, California, 92109.

3.      Upon information and belief, Defendant, Britney Spears, is an individual and has a residence at 14518 Greenlaw Church Road, Kentwood, Louisiana, 70444-3732.

4.      Upon information and belief, Defendant, Clear Channel Entertainment Television Holdings, Inc. ("Clear Channel"), is responsible for producing and promoting Britney Spears' upcoming tour in support of her new album, and has an office at 2000 West Loop South, Houston, Texas, 77027.

5.      Upon information and belief, Defendant, Signatures Network, Inc. ("Signatures"), operates Britney Spears' official online store, and has an office at 2 Bryant Street, Suite 300, San Francisco, California, 94105.

6.      Upon information and belief, Defendant, Zomba Recording Corporation ("ZOMBA") doing business as Jive Records, is Britney Spears' recording company, and has an office at 137-139 West 25th Street, New York, New York, 10001.

7.      Upon information and belief, Defendant Britney Brands, Inc. is Britney Spears' apparel company and produces, among other things, t-shirts promoting her recoding albums and related tour merchandizing.  Defendant Britney Brands is a Louisiana Corporation domiciled at 3867 Plaza Tower, First Floor, Baton Rouge, Louisiana 70816

8.      Plaintiff has been unable to ascertain the true names and capacities of defendant

2

TRADEMARK INFRINGEMENT COMPLAINT

sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when they are known. Plaintiff is informed and believes, and thereupon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries herein alleged were proximately caused by their conduct.

9.     As used herein, the term "Defendants" means all Defendants, both jointly and separately, unless otherwise specified by reference to a specifically named defendant.

10.     The actions alleged herein to have been undertaken by Defendants were undertaken by each defendant individually, were actions that each Defendant caused to occur, were actions that each Defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each Defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable. Each Defendant aided and abetted the actions of the other Defendants, in that each Defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the Defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT

11.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     Plaintiff is the owner of certain United States Trademark Registrations and an application for the trademark IN THE ZONE also shown in the table below and attached hereto as **Exhibit A**. These registrations are now valid, subsisting, uncancelled and unrevoked.

| Trademark: | Federal Reg. Or Serial No: | Goods/Services: | Registration Date: |
|---|---|---|---|
| IN THE ZONE | 2,478,730 | Clothing, specifically T- shirts and sweatshirts. | August 21, 2001 |

TRADEMARK INFRINGEMENT COMPLAINT

| | | and sweatshirts. | |
|---|---|---|---|
| IN THE ZONE | 2,493,712 | Sportswear, namely shorts, T-shirts, tanktops, sweatshirts and sweatpants. | October 2, 2001 |
| IN THE ZONE | 78/352,685 | Phonograph records featuring music, pre-recorded audio cassettes and compact disc featuring music; pre-recorded video tapes featuring music performances; magnetically encoded phone cards.<br><br>Entertainment services in the nature of live performances by a musical artist. | Pending |

13.    At all times relevant hereto, Plaintiff has been and still is the owner of the exclusive rights under the Trademark Act of 1946 (15 U.S.C. §§ 1051 et seq., and all amendments thereto) (the "Trademark Act") of the trademark IN THE ZONE for clothing, musical recordings and entertainment services.

14.    Plaintiff also owns state trademark registrations in California and Illinois for IN THE ZONE covering apparel. These registrations are now valid, subsisting, uncancelled and unrevoked.

15.    Continuously since on or about June, 1992, Plaintiff has used its IN THE ZONE trademark in connection with and to identify its line of clothing and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on shirts, caps and shorts, and advertising and promotional materials distributed throughout the United States.  Plaintiff's products sold under the IN THE ZONE mark and brand name are provided nationwide including in the State of California.  Images of a representative sample of Plaintiff's clothing goods are attached as **Exhibit B**.

16.    In addition, as early as 1994, Plaintiff has actively engaged in expanding its use of the IN THE ZONE mark in connection with musical performances and promotion of musical concerts in interstate commerce throughout the United States including in the State of California.

TRADEMARK INFRINGEMENT COMPLAINT

17.     As a result of the foregoing acts of Plaintiff and persons acting under its direction, supervision and control, Plaintiff has built and developed its business under its mark. The general public identifies services bearing such designation as being under and subject to Plaintiff's direction, supervision, control and license. Prior to the Defendants' acts hereafter referred to in this complaint, Plaintiff acquired, and now owns, good will of great value in such business and in the use of such designation, mark and symbols as make up the Plaintiff's mark.

18.     Since 1992, Plaintiff has spent tens of thousands of dollars advertising, promoting, policing and defending its valuable rights.

19.     Beginning in or about November 2002, Plaintiff is informed and believes, and thereupon alleges, that Defendants used the term IN THE ZONE in conjunction with providing goods and services in the area of clothing, musical recordings and entertainment services, which are marketed and offered for sale to the public. An image of a representative sample of defendant's use (from defendant Spears' official online store web site) is attached hereto as **Exhibit "C."**

20.     After investigation, Plaintiff has determined that Defendants are, without consent, infringing Plaintiff's mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion and advertising of clothing, musical recordings, and entertainment services in interstate commerce under the name IN THE ZONE, and the operation of an Internet Web site, at http://www.fanfire.com/cgi-bin/WebObjects/fanfire.woa/wa/artist?artistName=Britney+Spears&sourceCode=BRSWEB prominently displaying, advertising, and promoting clothing and musical recording products under the same name.

21.     The Defendants' use of IN THE ZONE in connection with clothing, musical recordings, and entertainment services is nearly identical with the mark used by Plaintiff and the public generally to identify Plaintiff's goods and services, is of a type virtually identical to the type of clothing offered by Plaintiff, is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

TRADEMARK INFRINGEMENT COMPLAINT

5

22.     Defendants' use of IN THE ZONE in connection with clothing, musical recordings, and entertainment services has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark IN THE ZONE and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072.

23.     Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its federally registered IN THE ZONE trademarks. Plaintiff has no adequate remedy at law.

24.     As a direct and proximate cause of Defendant's infringement, Plaintiff has been damaged in the amount of $10,000,000 or according to proof at trial.

25.     Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)

26.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Upon information and belief, Defendants' have used the designation IN THE ZONE in connection with clothing, musical recordings and entertainment services in interstate commerce. Said use of the designation IN THE ZONE is a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products and commercial activities by Plaintiff.

28.     Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its IN THE ZONE marks. Plaintiff has no

TRADEMARK INFRINGEMENT COMPLAINT

adequate remedy at law.

29.     By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

30.     Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

### THIRD CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

31.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     Defendant's activities as stated herein constitute unfair competition and an infringement of Plaintiff's common law trademark rights in the name IN THE ZONE within the State of California and in violation of California law.

33.     Upon information and belief, Defendants' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its IN THE ZONE marks. Plaintiff has no adequate remedy at law.

34.     By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

35.     Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.

TRADEMARK INFRINGEMENT COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**CALIFORNIA UNFAIR TRADE PRACTICES ACT**

36.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    Defendants' activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the California Business and Professions Code Section 17200 et seq.

38.    Upon information and belief, Defendants' wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its IN THE ZONE mark. Plaintiff has no adequate remedy at law.

39.    By reason thereof, Plaintiff has sustained substantial monetary injuries in the amount of $10,000,000 or according to proof at trial, loss and damages to its rights in trademarked goods and services, and defendants have realized unlawful and unjust profits from their illegal conduct.  Plaintiff will sustain further irreparable injury and damage to said rights if such illegal conduct is not enjoined.

40.    Defendants have committed the acts alleged above with the deliberate intent and design to trade on Plaintiff's marks and valuable good will attached thereto, and have been and are willful and wanton.


**WHEREFORE, Plaintiff prays:**

1.    That a preliminary and permanent injunction issue restraining Defendants, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the name IN THE ZONE in connection with the offering of clothing, musical recordings, or entertainment services, from infringement of U.S. Trademark Registration No.'s 2,478,730 and 2,493,712, and U.S. Trademark Serial No. 78/352,685, from unfairly competing with Plaintiff, from engaging in unfair and deceptive trade practices and from injuring Plaintiff's

TRADEMARK INFRINGEMENT COMPLAINT

1  PROOF OF SERVICE

2  I, Kathleen M. Walker, declare:

3      1.      I am over 18 years of age and am not a party to the above captioned action. My

4      business address is 3421 Thorn Street, San Diego, California 92104.

5      2.      On September 28, 2004, I served:

6

7  **SECOND AMENDED COMPLAINT;**

8

9  via prepaid United States regular mail and facsimile to:

10  Peter J. Anderson, Esq.
    100 Wilshire Boulevard
11  Suite 2010
    Santa Monica, California 90401
12  310-260-6040 (Facsimile)

13  Attorney For Defendants.

14      I declare under the penalty of perjury of the State of California, that the above is true and
15  correct.

16

17  Dated this 28th day of September, 2004

18                                                          Kathleen M. Walker
19                                                          Kathleen M. Walker

20

21

22

23

24

25

26

27

28

TRADEMARK INFRINGEMENT COMPLAINT

# EXHIBIT A



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*

*Nicholas P. Godici*

*Acting Director of the United States Patent and Trademark Office*

**Requirements for Maintaining a**
**Federal Trademark Registration**

## SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the
registration shall be canceled for failure to file an Affidavit of Continued
Use under Section 8 of the Trademark Act, 15 U.S.C. §1058, upon the
expiration of the following time periods:

    i) At the end of 6 years following the date of registration.
    ii) At the end of each successive 10-year period following the date of
        registration.

*Failure to file a proper Section 8 Affidavit at the appropriate time will result in the
cancellation of the registration.*

## SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions
of Section 8, except that the registration shall expire for failure to file an
Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C.
§1059, at the end of each successive 10-year period following the date of
registration.

*Failure to file a proper Application for Renewal at the appropriate time will result in
the expiration of the registration.*

**No further notice or reminder of these requirements will be sent to the
Registrant by the Patent and Trademark Office. It is recommended
that the Registrant contact the Patent and Trademark Office
approximately one year before the expiration of the time periods shown
above to determine the requirements and fees for the filings required to
maintain the registration.**



Int. Cl.: 25

Prior U.S. Cl.: 39

# United States Patent and Trademark Office

Reg. No. 2,478,730
Registered Aug. 21 2001

## TRADEMARK
### PRINCIPAL REGISTER

## IN THE ZONE

LITE BREEZE, INC. (CALIFORNIA CORPORA-
TION)
101 3 AVENIDA MAGNIFICA
SAI DIEGO, CA 92131 , BY ASSIGNMENT; BY
ASSIGNMENT FISHER, HAIG (UNITED STATES
CITIZEN) SANTA BARBARA, CA 93109 ,

FOR: CLOTHING, SPECIFICALLY T-SHIRTS
AND SWEATSHIRTS, IN CLASS 25 (U.S. CL. 39).

FIRST USE 10-18-1992; IN COMMERCE 10-18-1992.

SER. NO. 74-320,029, FILED 10-2-1992.

HOWARD B. LEVINE, EXAMINING ATTORNEY



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*

*Nicholas P. Godici*

Acting Director of the United States Patent and Trademark Office

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,493,712
Registered Oct. 2, 2001

## TRADEMARK
### PRINCIPAL REGISTER

## IN THE ZONE

LITE BREEZE, INC. (CALIFORNIA CORPORA-
TION)
8260 CAMINO SANTA FE, BUILDING D-1
SAN DIEGO, CA 92121

FOR: SPORTSWEAR, NAMELY SHORTS, T-
SHIRTS, TANKTOPS, SWEATSHIRTS AND SWEAT-
PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 7-22-1992; IN COMMERCE 1-22-1992.

SER. NO. 74-389,216, FILED 5-11-1993.

HOWARD B. LEVINE, EXAMINING ATTORNEY

# EXHIBIT B

Latest Status Info



Thank you for your request. Here are the latest results from the <u>TARR web server.</u>

This page was generated by the TARR system on 2004-02-17 17:29:21 ET

Serial Number: 78352685

Registration Number: (NOT AVAILABLE)

Mark

# IN THE ZONE

(words only): IN THE ZONE

Standard Character claim: Yes

Current Status  Newly filed application, not yet assigned to an examining attorney.

Date of Status: 2004-02-11

Filing Date: 2004-01-15

Transformed into a National Application: No

Registration Date: (DATE NOT AVAILABLE)

Register: Principal

Law Office Assigned: LAW OFFICE 111

If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>

Current Location: M2D -TMO Law Office 111 - Docket Clerk

Date In Location: 2004-02-11

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

1. Lite Breeze, Inc.

Address:
Lite Breeze, Inc.
864 Grand Ave., Suite 505



San Diego, CA 92109
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California

---

## GOODS AND/OR SERVICES

Phonograph records featuring music; pre-recorded audio cassettes and compact disc featuring music; pre-corded video tapes featuring music performances; magnetically encoded phone cards
**International Class:** 009
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**Basis:** 1(b)

Entertainment services in the nature of live performances by a musical artist
**International Class:** 041
**First Use Date:** (DATE NOT AVAILABLE)
**First Use in Commerce Date:** (DATE NOT AVAILABLE)

**Basis:** 1(b)

---

## ADDITIONAL INFORMATION

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

2004-01-22 - New Application Entered In Tram

---

## CONTACT INFORMATION

**Correspondent (Owner)**
Peter K. Hahn (Attorney of record)

Peter K. Hahn
Luce, Forward, Hamilton & Scripps, LLP
600 West Broadway, Suite 2600
San Diego, CA 92101

**Phone Number:** (619) 699-2585
**Fax Number:** (619) 446-8243







Britney Spears                                    http://www.fanfire.o...-bin/WebObjects/fanfire.woa/wo/0.3.1.9.7...

 

| Store | Official Website |

| Mailing List | Search | Help | Order Status | Cart |

| Featured Items | Apparel | Custom Posters | Accessories | Home Decor | Books | Music/Video |
Paper Goods | Toys/Fun Items |



In The Zone Black T-shirt
(BRS33989)

Black 100% cotton shirt featuring an image of Britney on
the front. The back has been left blank.

Click image to zoom.

$19.95    

Back

| Store | Privacy Policy | Help | Shopping Cart | Search |

| Order Status | Questions |

Due to our annual inventory, orders placed after 11:00am PST on 2/25/04 will not be shipped until 3/1/04. We
apologize for any inconvenience. Thank you.
You can also call our toll-free order line at 1-800-767-7160 or International +1-916-350-2016
For technical questions or to report a bug, please send an email to webmaster@fanfire.com
© 2003 Signatures Network, Inc.



business reputation, pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Section 17200 et seq. of the California Business and Professions Code and the equitable power of this Court to enforce the common law of the State of California.

2.     That Defendants be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendants' acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Section 17200 et seq. of the California Business and Professions Code and common law of the State of California.

3.     That Defendants be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the infringing IN THE ZONE trademark, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118), Section 17200 et seq. of the California Business and Professions Code and the equitable power of this Court to enforce the common law of the State of California.

4.     That Defendants be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and Section 17200 et seq. of the California Business and Professions Code.

5.     For such other and further relief as may be just and equitable.

DATED:  September 28, 2004

By: _Kathleen M. Walker_____

KATHLEEN M. WALKER, ESQ.

Attorney for Plaintiff
LITE BREEZE, INC.

TRADEMARK INFRINGEMENT COMPLAINT