USDC SCAN INDEX SHEET










CAG     10/25/04     9:32
3:04-CV-00326    LITE BREEZE INC V. SPEARS
*39*
*ANS.*

ORIGINAL

FILED

C4 OCT 21 AM 10: 26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

1  Peter J. Anderson, Esq., SBN 088891
   LAW OFFICES OF PETER J. ANDERSON, A P.C.
2  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
3
   Tel: (310) 260-6030
4  Fax: (310) 260-6040

5  Attorney for Defendants BRITNEY SPEARS,
   CLEAR CHANNEL ENTERTAINMENT
6  TELEVISION HOLDINGS, INC.,
   SIGNATURES NETWORK, INC.,
7  ZOMBA RECORDING CORP. and
   BRITNEY BRANDS, INC.
8
   Bruce Isaacs, Esq. SBN 100926
9  WYMAN & ISAACS LLP
   8840 Wilshire Blvd., Second Floor
10 Beverly Hills, CA 90211

11 Tel: (310) 358-3221
   Fax: (310) 358-3224
12
   Attorney for Defendant
13 ZOMBA RECORDING CORP.

14                    UNITED STATES DISTRICT COURT

15                    SOUTHERN DISTRICT OF CALIFORNIA

16 | LITE BREEZE, INC., a California ) Case No. '04 CV 0326 DMS (JFS)
   | Corporation,                    )
17 |                                 ) ANSWER OF DEFENDANTS
   |         Plaintiff,              ) BRITNEY SPEARS, CLEAR
18 |                                 ) CHANNEL ENTERTAINMENT
   |    vs.                          ) TELEVISION HOLDINGS, INC.,
19 |                                 ) SIGNATURES NETWORK, INC.,
   | BRITNEY SPEARS, an individual;  ) ZOMBA RECORDING CORP. AND
20 | CLEAR CHANNEL ENTERTAINMENT ) BRITNEY BRANDS, INC. TO
   | TELEVISION HOLDINGS, INC., a    ) SECOND AMENDED COMPLAINT
21 | Delaware Corporation; SIGNATURES )
   | NETWORK, INC., a California     ) DEMAND FOR JURY TRIAL
22 | Corporation; ZOMBA RECORDING    )
   | CORPORATION, dba JIVE RECORDS, a )
23 | New York Corporation; BRITNEY   )
   | BRANDS, INC., a Louisiana Corporation, )
24 | and DOES 1-10,                  )
   |                                 )
25 |         Defendants.             )
   |                                 )
26 |_____)

27

28

                                     1
ANSWER TO SECOND AMENDED COMPLAINT                              04CV0326

Defendants Britney Spears, Clear Channel Entertainment Television Holdings, Inc. ("Clear Channel"), Signature Networks, Inc. ("Signatures"), Zomba Recording Corp. ("Zomba) and Britney Brands, Inc. (collectively, "Defendants"), answer the Second Amended Complaint filed by plaintiff Lite Breeze, Inc. ("Plaintiff"), as follows:

1. Answering Paragraph 1, Defendants admit that Plaintiff purports to bring this action under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. Sections 101, *et seq.*), and 28 U.S.C. Section 1338, and that Plaintiff contends venue is proper in this District under 28 U.S.C. Section 1391. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis deny all remaining allegations contained therein.

2. Answering Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis deny the allegations contained therein.

3. Answering Paragraph 3, Defendants admit that Defendant Britney Spears is an individual. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 3.

4. Answering Paragraph 4, Defendants deny the allegations contained therein.

5. Answering Paragraph 5, Defendants admit that Defendant Signatures operates Britney Spears' official online store and has an office at 2 Bryant Street, Suite

///

300, San Francisco, California 94105. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 5.

6. Answering Paragraph 6, Defendants admit that "Jive Records" is a trade name of Defendant Zomba and that Defendant Zomba owns recordings featuring performances by Britney Spears and has an office at 137-139 West 25th Street, New York, New York 10001. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 6.

7. Answering Paragraph 7, Defendants admit that Defendant Britney Brands, Inc. is Defendant Britney Spears' company, is a Louisiana corporation and, *inter alia*, licenses the name and likeness of Ms. Spears for, *e.g.*, use on t-shirts and other merchandise. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 7.

8. Answering Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis deny the allegations contained therein.

9. Answering Paragraph 9, Defendants admit that Plaintiff purports to define the phrase "Defendants" as used in the Second Amended Complaint. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and on that basis deny all remaining allegations contained therein.

10. Answering Paragraph 10, Defendants deny liability to Plaintiff, deny aiding or abetting any wrongful conduct, and deny that they are agents for each other or any other defendant. Defendants are without knowledge or information sufficient to

3

form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis deny all remaining allegations contained therein.

11. Answering Paragraph 11, Defendants incorporate by reference their responses to Paragraphs 1 through 10 as if set forth herein in full.

12. Answering Paragraph 12, Defendants admit that a photocopy of what purport to be two United States Patent and Trademark Office certificates of registration and what appears to be a United States Patent and Trademark Office Internet site print-out referring to a January 15, 2004 trademark application, preceded by a page bearing the phrase "Exhibit A," accompanied the copy of the Second Amended Complaint their counsel received. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis deny all remaining allegations contained therein.

13. Answering Paragraph 13, Defendants deny that Plaintiff has any trademark or other exclusive rights to use the phrase "in the zone" for musical recordings and entertainment services. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and on that basis deny the allegations contained therein.

14. Answering Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis deny the allegations contained therein.

15. Answering Paragraph 15, Defendants admit that a photocopy of images, preceded by a page bearing the phrase "Exhibit B," accompanied the copy of the Second Amended Complaint their counsel received. Except as expressly admitted,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis deny all remaining allegations contained therein.

16. Answering Paragraph 16, Defendants deny the allegations contained therein.

17. Answering Paragraph 17, Defendants deny the allegations contained therein.

18. Answering Paragraph 18, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and on that basis deny the allegations contained therein.

19. Answering Paragraph 19, Defendants admit that the phrase "in the zone" has been used in or as the title of the Britney Spears In the Zone album, that a rendering of that album's cover with that phrase appeared on a limited number of t-shirts, that some tickets for the Britney Spears Onyx Hotel Tour referred to the "in the zone" portion of the album title, and that a photocopy of a printout of an Internet site, preceded by a page bearing the phrase "Exhibit C," accompanied the copy of the Second Amended Complaint their counsel received. Defendants deny that the image on the t-shirt depicted in the Internet site print-out is a representative sample of the use of the phrase "in the zone" and, except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis deny all remaining allegations contained therein.

///

///

20. Answering Paragraph 20, Defendants deny the allegations contained therein.

21. Answering Paragraph 21, Defendants deny the allegations contained therein.

22. Answering Paragraph 22, Defendants deny the allegations contained therein, including, without limitation, the allegation that Plaintiff has well-known and/or prior established rights in the phrase "in the zone" in connection with musical recordings or musical performances.

23. Answering Paragraph 23, Defendants deny the allegations contained therein.

24. Answering Paragraph 24, Defendants deny the allegations contained therein.

25. Answering Paragraph 25, Defendants deny the allegations contained therein.

26. Answering Paragraph 26, Defendants incorporate by reference their responses to Paragraphs 1 through 25 as if set forth herein in full.

27. Answering Paragraph 27, Defendants admit that the phrase "in the zone" has been used in or as the title of the Britney Spears In the Zone album, that a rendering of that album's cover with that phrase appeared on a limited number of t-shirts, and that some tickets for the Britney Spears Onyx Hotel Tour referred to the "in

///

the zone" portion of the album title. Except as expressly admitted, Defendants deny all of the remaining allegations contained in Paragraph 27.

28. Answering Paragraph 28, Defendants deny the allegations contained therein.

29. Answering Paragraph 29, Defendants deny the allegations contained therein.

30. Answering Paragraph 30, Defendants deny the allegations contained therein.

31. Answering Paragraph 31, Defendants incorporate by reference their responses to Paragraphs 1 through 30 as if set forth herein in full.

32. Answering Paragraph 32, Defendants deny the allegations contained therein.

33. Answering Paragraph 33, Defendants deny the allegations contained therein.

34. Answering Paragraph 34, Defendants deny the allegations contained therein.

35. Answering Paragraph 35, Defendants deny the allegations contained therein.

///

///

36. Answering Paragraph 36, Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if set forth herein in full.

37. Answering Paragraph 37, Defendants deny the allegations contained therein.

38. Answering Paragraph 38, Defendants deny the allegations contained therein.

39. Answering Paragraph 39, Defendants deny the allegations contained therein.

40. Answering Paragraph 40, Defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

41. Plaintiff's Second Amended fails to state a claim against Defendants, or any of them, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Laches)

42. Plaintiff's claims and/or remedies Plaintiff seeks are barred by the doctrine of laches.

///
///

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

43. Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

44. Plaintiff and/or its predecessors in interest have unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

45. Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Ratification)

46. Plaintiff ratified the conduct of which it complains.

### SEVENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

47. Plaintiff acquiesced to the uses of which it complains.

///
///
///
///

## EIGHTH AFFIRMATIVE DEFENSE
(Statutes of Limitation)

48. Plaintiff's claims are barred by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
(Abandonment)

49. Plaintiff abandoned the claimed mark.

## TENTH AFFIRMATIVE DEFENSE
(Priority of Use)

50. Plaintiff's alleged use of the claimed mark post-dates the use by others of "In the Zone," including, without limitation, the use of that phrase as the title of musical recordings distributed to the public.

## ELEVENTH AFFIRMATIVE DEFENSE
(Fair Use)

51. The conduct of which Plaintiff complains constitutes fair use.

## TWELFTH AFFIRMATIVE DEFENSE
(First Amendment)

52. Plaintiff's claims and/or remedies Plaintiff seeks are barred by the First Amendment to the United States Constitution.

///

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Privilege/Immunity)

53. As an officer, agent, manager or other representative, Defendant Britney Spears is immune from liability and/or her alleged acts or omissions, which are denied, are privileged.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

    (a) that Plaintiff take nothing by its Second Amended Complaint;

    (b) that the Second Amended Complaint be dismissed and that Defendants be awarded their costs and disbursements and, to the extent allowed by law, their attorneys' fees, in this action; and

    (c) for such other and further relief as this Court deems just and proper.

Dated: October 20, 2004

                                          Peter J. Anderson, Esq.
                              LAW OFFICES OF PETER J. ANDERSON
                                   A Professional Corporation
                                     Attorney for Defendants
                                       BRITNEY SPEARS,
                          CLEAR CHANNEL ENTERTAINMENT
                              TELEVISION HOLDINGS, INC.,
                               SIGNATURES NETWORK, INC.,
                            ZOMBA RECORDING CORP. and
                                BRITNEY BRANDS, INC.

## DEMAND FOR JURY TRIAL

Defendants Britney Spears, Clear Channel Entertainment Television Holdings, Inc., Signature Networks, Inc., Zomba Recording Corp. and Britney Brands, Inc. demand trial by jury.

Dated: October 20, 2004

*[signature]*

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC.,
ZOMBA RECORDING CORP. and
BRITNEY BRANDS, INC.

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to counsel's last known address as follows:

Kathleen M. Walker, Esq.
Attorney at Law
3421 Thorn Street
San Diego, CA 92104

Santa Monica, California, on October 20, 2004.

                                         Peter J. Anderson, Esq.
                        LAW OFFICES OF PETER J. ANDERSON
                              A Professional Corporation
                                Attorney for Defendants
                                   BRITNEY SPEARS,
                  CLEAR CHANNEL ENTERTAINMENT
                         TELEVISION HOLDINGS, INC.,
                           SIGNATURES NETWORK, INC.,
                  ZOMBA RECORDING CORPORATION
                               and BRITNEY BRANDS, INC.