Case 3:04-cv-00326-DMS-JFS   Document 47   Filed 11/23/04   PageID.384   Page 1 of 5

USDC SCAN INDEX SHEET










CAG    11/24/04    11:55

3:04-CV-00326   LITE BREEZE INC V. SPEARS

*47*

*DECL.*

**ORIGINAL**

FILED
04 NOV 23 PM 3:39
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

1  Peter J. Anderson, Esq., SBN 088891
   LAW OFFICES OF PETER J. ANDERSON, A P.C.
2  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
3
   Tel: (310) 260-6030
4  Fax: (310) 260-6040

5  Attorney for Defendants BRITNEY SPEARS,
   CLEAR CHANNEL ENTERTAINMENT
6  TELEVISION HOLDINGS, INC.,
   SIGNATURES NETWORK, INC.,
7  ZOMBA RECORDING CORP. and
   BRITNEY BRANDS, INC.
8
   Bruce Isaacs, Esq. SBN 100926
9  WYMAN & ISAACS LLP
   8840 Wilshire Blvd., Second Floor
10 Beverly Hills, CA 90211

11 Tel: (310) 358-3221
   Fax: (310) 358-3224
12
   Attorney for Defendant
13 ZOMBA RECORDING CORP.

14                UNITED STATES DISTRICT COURT

15               SOUTHERN DISTRICT OF CALIFORNIA

16 | LITE BREEZE, INC., a California      ) Case No. '04 CV 0326 DMS (JFS)
   | Corporation,                         )
17 |                                      ) DECLARATION OF DON HUNT
   |         Plaintiff,                   ) IN SUPPORT OF DEFENDANTS'
18 |                                      ) MOTION FOR SUMMARY
   |   vs.                                ) JUDGMENT OR PARTIAL SUMMARY
19 |                                      ) JUDGMENT
   | BRITNEY SPEARS, an individual; CLEAR )
20 | CHANNEL ENTERTAINMENT                )
   | TELEVISION HOLDINGS, INC., a Delaware) Date: January 21, 2005
21 | Corporation; SIGNATURES NETWORK,     ) Time: 2:30 p.m.
   | INC., a California Corporation; ZOMBA)
22 | RECORDING CORPORATION, dba JIVE      )     Courtroom of the Honorable
   | RECORDS, a New York Corporation;     )         Dana M. Sabraw
23 | BRITNEY BRANDS, INC., a Louisiana    )     United States District Judge
   | Corporation, and DOES 1-10,          )
24 |                                      )
   |         Defendants.                  )
25 |_____)

26

27

28

DECLARATION OF DON HUNT          47    1                              04CV0326

## DECLARATION OF DON HUNT

I, Don Hunt, declare:

1. I am over 18 years old. I have personal knowledge of the following facts and I could competently testify to these facts if called upon to do so.

2. This Declaration is submitted in support of defendants' Motion for Summary Judgment or, in the alternative, Partial Summary Judgment.

3. I am the President, Chief Operating Officer and Chief Financial Officer of Signatures Network, Inc. ("Signatures").

4. Signatures designs, arranges for the manufacture and distribution of and markets music industry fan appreciation merchandise. "Fan appreciation merchandise" means merchandise that has an association with someone or something that has fans. For example, fan appreciation merchandise may display a celebrity's name or likeness, to associate the merchandise with the celebrity or the celebrity's accomplishments. Signatures specializes in music industry fan appreciation merchandise and holds rights to manufacture and distribute, directly or through sub-licensees, fan appreciation merchandise for over 125 musical artists, celebrities and entertainment properties. Those artists include, among others, The Beatles, The Doors, Rod Stewart, Jennifer Lopez, Alicia Keys, Madonna, Bruce Springsteen, and Britney Spears. Signatures also holds merchandising rights to a handful of non-pop music entertainment properties such as Madonna's *The English Roses* and Mondo Media's web-based cartoon *Happy Tree Friends*. Signatures provides fan appreciation merchandise such as, for example, calendars, t-shirts, coffee mugs, and key chains, for sale at concert tour venues, at retail stores through Signatures' distributors and online at

///

www.fanfire.com, which is owned and run by Signatures, and through various official online stores for artists who have licensed such rights to Signatures

5. Signatures focuses its efforts on the pop music industry and does not sell t-shirts or other merchandise for events such as marathons, bicycle races, tournaments or other sporting events. Signatures does not manufacture or market sports team t-shirts or other merchandise to teams, coaches or schools. In fact, Signatures does not sell sporting industry merchandise and has no plans to do so in the future.

6. Signatures' t-shirts generally prominently feature the name and/or likeness of the applicable artist and may also include additional artist logos and insignia and other artwork that is either created by Signatures on the artist's behalf or licensed by the artist to Signatures. Signatures' fan appreciation merchandise is often based on an artist's new and historical album cover artwork.

7. Britney Brands, Inc. has licensed to Signatures the right to market fan appreciation merchandise, such as fan t-shirts, that includes Britney Spears' name and likeness.

8. Before I learned of the February 13, 2004 letter from Lite Breeze, Inc.'s counsel threatening to sue Signatures and others, I had never heard of Lite Breeze, Inc. or its products and did not know it claimed "in the zone" as a mark.

9. Signatures did not sell or offer to sell the Britney Spears fan t-shirt that includes the phrase "in the zone" in its artwork, to teams, coaches, schools or organizers of special events such as marathons, cycling races, tournament or concerts. Signatures did not authorize anyone to sell or offer to sell the Britney Spears fan t-shirt that includes the phrase "in the

///

3

DECLARATION OF DON HUNT

04CV0326

zone" in its artwork, to teams, coaches, schools or organizers of special events such as marathons, cycling races, tournament or concerts.

10. Signatures did not advertise, stage or produce any of the concerts in the 2004 Britney Spears concert tour and did not receive any portion of the tour's ticket revenue.

11. Signatures had no involvement in the selection of the title of the Britney Spears In the Zone album and no involvement in the distribution of that album. Signatures does not share in the revenues from the sale of that album.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 17, 2004, in San Francisco, California.

_____
Don Hunt

DECLARATION OF DON HUNT

4

04CV0326