USDC SCAN INDEX SHEET

















```
KAJ     12/27/04    8:54
3:04-CV-00326   LITE BREEZE INC V. SPEARS
*59*
*ANS.*
```

Peter J. Anderson, Esq., SBN 088891
LAW OFFICES OF PETER J. ANDERSON, A P.C.
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Attorney for Defendants BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC.,
ZOMBA RECORDING CORP.,
BRITNEY BRANDS, INC. and
BRITNEY TOURING, INC.

Bruce Isaacs, Esq. SBN 100926
WYMAN & ISAACS LLP
8840 Wilshire Blvd., Second Floor
Beverly Hills, CA 90211
Tel: (310) 358-3221
Fax: (310) 358-3224

Attorney for Defendant
ZOMBA RECORDING CORP.

FILED
04 DEC 22 AM 11: 13
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITE BREEZE, INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>BRITNEY SPEARS, an individual; CLEAR CHANNEL ENTERTAINMENT TELEVISION HOLDINGS, INC., a Delaware Corporation; SIGNATURES NETWORK, INC., a California Corporation; ZOMBA RECORDING CORPORATION, dba JIVE RECORDS, a New York Corporation; BRITNEY BRANDS, INC., a Louisiana Corporation; BRITNEY TOURING, INC., and DOES 1-10,<br><br>    Defendants. | Case No. '04 CV 0326 DMS (JFS)<br><br>ANSWER OF DEFENDANTS BRITNEY SPEARS, CLEAR CHANNEL ENTERTAINMENT TELEVISION HOLDINGS, INC., SIGNATURES NETWORK, INC., ZOMBA RECORDING CORP., BRITNEY BRANDS, INC. AND BRITNEY TOURING, INC. TO THIRD AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

Defendants Britney Spears, Clear Channel Entertainment Television Holdings, Inc. ("Clear Channel"), Signature Networks, Inc. ("Signatures"), Zomba Recording Corp. ("Zomba), Britney Brands, Inc. and Britney Touring, Inc. (collectively, "Defendants"), answer the Third Amended Complaint filed by plaintiff Lite Breeze, Inc. ("Plaintiff"), as follows:

1. Answering Paragraph 1, Defendants admit that Plaintiff purports to bring this action under the Trademark Act of 1946, as amended (the Lanham Act, 15 U.S.C. Sections 101, *et seq.*), and 28 U.S.C. Section 1338, and that Plaintiff contends venue is proper in this District under 28 U.S.C. Section 1391. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and on that basis deny all remaining allegations contained therein.

2. Answering Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis deny the allegations contained therein.

3. Answering Paragraph 3, Defendants admit that Defendant Britney Spears is an individual. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 3.

4. Answering Paragraph 4, Defendants deny the allegations contained therein.

5. Answering Paragraph 5, Defendants admit that Defendant Signatures operates Britney Spears' official online store and has an office at 2 Bryant Street, Suite
///

2
ANSWER TO THIRD AMENDED COMPLAINT                                    04CV0326

300, San Francisco, California 94105. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 5.

6. Answering Paragraph 6, Defendants admit that "Jive Records" is a trade name of Defendant Zomba and that Defendant Zomba owns recordings featuring performances by Britney Spears and has an office at 137-139 West 25th Street, New York, New York 10001. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 6.

7. Answering Paragraph 7, Defendants admit that Defendant Britney Brands, Inc. is Defendant Britney Spears' company, is a Louisiana corporation and, *inter alia*, licenses the name and likeness of Ms. Spears for, *e.g.*, use on t-shirts and other merchandise. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 7.

8. Answering Paragraph 8, Defendants admit that Defendant Britney Touring, Inc. is Defendant Britney Spears' company and, *inter alia*, produces concerts featuring performances by her and has various responsibilities in connection with the production of those concerts, and that Defendant Britney Brands is a Louisiana corporation. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 8.

9. Answering Paragraph 9, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and on that basis deny the allegations contained therein.

10. Answering Paragraph 10, Defendants admit that Plaintiff purports to define the phrase "Defendants" as used in the Third Amended Complaint. Except as

3
ANSWER TO THIRD AMENDED COMPLAINT                                        04CV0326

expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and on that basis deny all remaining allegations contained therein.

11. Answering Paragraph 11, Defendants deny liability to Plaintiff, deny aiding or abetting any wrongful conduct, and deny that they are agents for each other or any other defendant. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and on that basis deny all remaining allegations contained therein.

12. Answering Paragraph 12, Defendants incorporate by reference their responses to Paragraphs 1 through 11 as if set forth herein in full.

13. Answering Paragraph 13, Defendants admit that a photocopy of what purport to be two United States Patent and Trademark Office certificates of registration and what appears to be a United States Patent and Trademark Office Internet site print-out referring to a January 15, 2004 trademark application, preceded by a page bearing the phrase "Exhibit A," accompanied the copy of the Third Amended Complaint their counsel received. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis deny all remaining allegations contained therein.

14. Answering Paragraph 14, Defendants deny that Plaintiff has any trademark or other exclusive rights to use the phrase "in the zone" for musical recordings and entertainment services. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and on that basis deny the allegations contained therein.

///

15. Answering Paragraph 15, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and on that basis deny the allegations contained therein.

16. Answering Paragraph 16, Defendants admit that a photocopy of images, preceded by a page bearing the phrase "Exhibit B," accompanied the copy of the Third Amended Complaint their counsel received. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis deny all remaining allegations contained therein.

17. Answering Paragraph 17, Defendants deny the allegations contained therein.

18. Answering Paragraph 18, Defendants deny the allegations contained therein.

19. Answering Paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and on that basis deny the allegations contained therein.

20. Answering Paragraph 20, Defendants admit that the phrase "in the zone" has been used in or as the title of the Britney Spears In the Zone album, that a rendering of that album's cover with that phrase appeared on a limited number of t-shirts, that some tickets for the Britney Spears Onyx Hotel Tour referred to the "in the zone" portion of the album title, and that a photocopy of a printout of an Internet site, preceded by a page bearing the phrase "Exhibit C," accompanied the copy of the Third Amended Complaint their counsel received. Defendants deny that the image on the t-

shirt depicted in the Internet site print-out is a representative sample of the use of the phrase "in the zone" and, except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and on that basis deny all remaining allegations contained therein.

21. Answering Paragraph 21, Defendants deny the allegations contained therein.

22. Answering Paragraph 22, Defendants deny the allegations contained therein.

23. Answering Paragraph 23, Defendants deny the allegations contained therein, including, without limitation, the allegation that Plaintiff has well-known and/or prior established rights in the phrase "in the zone" in connection with musical recordings or musical performances.

24. Answering Paragraph 24, Defendants deny the allegations contained therein.

25. Answering Paragraph 25, Defendants deny the allegations contained therein.

26. Answering Paragraph 26, Defendants deny the allegations contained therein.

27. Answering Paragraph 27, Defendants incorporate by reference their responses to Paragraphs 1 through 26 as if set forth herein in full.

28. Answering Paragraph 28, Defendants admit that the phrase "in the zone" has been used in or as the title of the Britney Spears In the Zone album, that a rendering of that album's cover with that phrase appeared on a limited number of t-shirts, and that some tickets for the Britney Spears Onyx Hotel Tour referred to the "in the zone" portion of the album title. Except as expressly admitted, Defendants deny all of the remaining allegations contained in Paragraph 28.

29. Answering Paragraph 29, Defendants deny the allegations contained therein.

30. Answering Paragraph 30, Defendants deny the allegations contained therein.

31. Answering Paragraph 31, Defendants deny the allegations contained therein.

32. Answering Paragraph 32, Defendants incorporate by reference their responses to Paragraphs 1 through 31 as if set forth herein in full.

33. Answering Paragraph 32, Defendants deny the allegations contained therein.

34. Answering Paragraph 34, Defendants deny the allegations contained therein.

35. Answering Paragraph 35, Defendants deny the allegations contained therein.

///

36. Answering Paragraph 36, Defendants deny the allegations contained therein.

37. Answering Paragraph 37, Defendants incorporate by reference their responses to Paragraphs 1 through 36 as if set forth herein in full.

38. Answering Paragraph 38, Defendants deny the allegations contained therein.

39. Answering Paragraph 39, Defendants deny the allegations contained therein.

40. Answering Paragraph 40, Defendants deny the allegations contained therein.

41. Answering Paragraph 41, Defendants deny the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

42. Plaintiff's Third Amended fails to state a claim against Defendants, or any of them, upon which relief can be granted.

///
///
///
///
///

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

43. Plaintiff's claims and/or remedies Plaintiff seeks are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

44. Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

45. Plaintiff and/or its predecessors in interest have unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

46. Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Ratification)

47. Plaintiff ratified the conduct of which it complains.

///
///
///
///

## SEVENTH AFFIRMATIVE DEFENSE

(Acquiescence)

48. Plaintiff acquiesced to the uses of which it complains.

## EIGHTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

49. Plaintiff's claims are barred by the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

(Abandonment)

50. Plaintiff abandoned the claimed mark.

## TENTH AFFIRMATIVE DEFENSE

(Priority of Use)

51. Plaintiff's alleged use of the claimed mark post-dates the use by others of "In the Zone," including, without limitation, the use of that phrase as the title of musical recordings distributed to the public.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fair Use)

52. The conduct of which Plaintiff complains constitutes fair use.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

(First Amendment)

53. Plaintiff's claims and/or remedies Plaintiff seeks are barred by the First Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Privilege/Immunity)

54. As an officer, agent, manager or other representative, Defendant Britney Spears is immune from liability and/or her alleged acts or omissions, which are denied, are privileged.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

(a) that Plaintiff take nothing by its Third Amended Complaint;

(b) that the Third Amended Complaint be dismissed and that Defendants be awarded their costs and disbursements and, to the extent allowed by law, their attorneys' fees, in this action; and

(c) for such other and further relief as this Court deems just and proper.

Dated: December 21, 2004

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC.,
ZOMBA RECORDING CORP.,
BRITNEY BRANDS, INC. and
BRITNEY TOURING, INC.

## DEMAND FOR JURY TRIAL

Defendants Britney Spears, Clear Channel Entertainment Television Holdings, Inc., Signature Networks, Inc., Zomba Recording Corp., Britney Brands, Inc. and Britney Touring, Inc. demand trial by jury.

Dated: December 21, 2004

*[signature]*

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC.,
ZOMBA RECORDING CORP.,
BRITNEY BRANDS, INC. and
BRITNEY TOURING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to counsel's last known address as follows:

Kathleen M. Walker, Esq.
Attorney at Law
3421 Thorn Street
San Diego, CA 92104

Santa Monica, California, on December 21, 2004.

_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
BRITNEY SPEARS,
CLEAR CHANNEL ENTERTAINMENT
TELEVISION HOLDINGS, INC.,
SIGNATURES NETWORK, INC.,
ZOMBA RECORDING CORPORATION,
BRITNEY BRANDS, INC. and
BRITNEY TOURING, INC.