USDC SCAN INDEX SHEET

















CAG   2/14/05   12:22

3:04-CV-00326   LITE BREEZE INC V. SPEARS

*73*

*OBJ.*

ORIGINAL

Peter Anderson, Esq.
Law Offices of Peter J. Anderson
100 Wilshire Blvd.
Suite 2010
Santa Monica, CA 90401
Telephone: (310) 260-6030
Facsimile: (310) 260-6040

Attorney for Defendants
BRITNEY SPEARS, CLEAR CHANNEL ENTERTAINMENT TELEVISION HOLDINGS, INC.
and SIGNATURES NETWORK, INC.,

Bruce Isaacs, Esq., SBN 100926
Robert A. Wyman, Esq. SBN 116975
David H. Boren, Esq. SBN 186316
WYMAN & ISAACS LLP
8840 Wilshire Blvd., Second Floor
Beverly Hills, CA 90211
Telephone: (310) 358-3221
Facsimile: (310) 358-3224

Attorneys for Defendant
ZOMBA RECORDING CORP.

FILED

FEB 11 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITE BREEZE, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BRITNEY SPEARS, an individual; CLEAR CHANNEL ENTERTAINMENT TELEVISION HOLDINGS, INC., a Delaware Corporation; SIGNATURES NETWORK, INC., a California Corporation; JIVE RECORDS, INC., a New York Corporation; BRITNEY BRANDS, INC., a Louisiana Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 04 CV 0326 DMS (JFS)<br><br>DEFENDANT ZOMBA'S OBJECTIONS TO, AND MOTION TO STRIKE, PORTIONS OF THE DECLARATIONS OF RODD GARNER, ASTON CLARK, ROBERT RUANE AND KATHLEEN WALKER, AND THE REQUEST FOR JUDICIAL NOTICE, SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Filed Concurrently With Reply Memorandum of Points and Authorities; Declaration of Jackie Murphy)<br><br>Date:    February 18, 2005<br>Time:    2:30 p.m.<br>Judge:   Dana Sabraw |

BU\BERTELSMAN-LITE BREEZE\OBJ TO DECLS.

73

Defendant Zomba Recording Corporation dba Jive Records, a New York Corporation ("Zomba") hereby submits its evidentiary objections, in which the other Defendants join, to the Declarations of Rodd Garner, Aston Clarke, Robert Ruane and Kathleen Walker (the "Four Declarations") and to the Request for Judicial Notice, submitted by Plaintiff in opposition to Defendants' motion for summary judgment.

For ease of reference, attached hereto as Exhibits "1", "2", "3", "4" and "5" are marked up copies of the Four Declarations and the Request for Judicial Notice on which Zomba has set forth its objections. The objections are denominated by various handwritten numbers. The handwritten numbers correspond to Zomba's evidentiary objections which are as follows:

1.  Argumentative.

2.  Irrelevant.

3.  Speculation.

4.  No foundation.

5.  No personal knowledge.

6.  Hearsay.

7.  Irrelevant in that Lite Breeze sold the Restaurant – Deli – Sport's Bar nearly ten years ago.

8.  The entire Declaration is improper because: (a) it does not state that it is based on the witness' own personal knowledge; and (b) it does not comply with 28 U.S.C. 1746 in that it does not specify whether it was signed within or outside of the United States. See *Kulshrestha v. First Union Commercial Corp.*, 33 Cal.4[th] 601, 615, fn 9 (2004).

9.  Improper opinion and a conclusion of the witness.

10. Improper survey evidence.

11. Irrelevant settlement discussions in violation of Rule 408 of the FRE and, with respect to the ENE, in violation of Local Rule 16.1(c)(1)(b).

12. Not the proper subject of judicial notice because these purported facts are not generally known or capable of accurate and ready determination and because the sources are not reasonably accurate.

13. Violates the Best Evidence Rule.

14. Inconsistent with Garner's deposition testimony. Garner cannot use his own inconsistent testimony in an attempt to create a triable question of fact. See Bodett v. Coxcom, Inc., 366 F.3d 736, 748 (9th Cir. 2004) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact contradicting his prior testimony") quoting Kennedy v. Allied Mutual, 952 F.2d 262, 266 (9th Cir. 1991) (same).

Zomba hereby requests that the Court grant this motion to strike and not consider the marked up portions of the Four Declarations and the Request for Judicial Notice, and the exhibits attached thereto.

In addition, in its opposition brief, Plaintiff refers to the settlement discussions between Defendants and third party Auto Zone, in which Auto Zone requested that the title of the album be changed from Get In the Zone to In the Zone. Defendants objects to Plaintiff's attempt to draw inferences from, or base arguments on, these settlement conversations because to do so violates Rule 408 of the FRE.

Dated: February 10, 2005          WYMAN & ISAACS LLP

By: _Bruce Isaacs_____

Bruce Isaacs, Esq. SBN 100926
Attorney for Defendant ZOMBA

RECEIVED
FEB 03 2005
WYMAN & ISAACS LLP

**Objections**

1    KATHLEEN M. WALKER SBN 202185
     Attorney At Law
2    3421 Thorn Street
     San Diego, California 92104
3    619-255-0987 telephone
     619-255-0986 facsimile
4
     Attorney for Plaintiff
5

6                    UNITED STATES DISTRICT COURT

7                 SOUTHERN DISTRICT OF CALIFORNIA

8

9    LITE BREEZE, INC., a California corporation,      )   Case No.: 04 CV 0326
                                                       )
10                  Plaintiff,                         )   DECLARATION OF RODD GARNER IN
                                                       )   OPPOSTION TO DEFENDANTS' MOTION FOR
11          vs.                                        )   SUMMARY JUDGMENT
                                                       )
12   BRITNEY SPEARS, an individual; CLEAR              )   Judge: Hon. Dana M. Sabraw
                                                       )   Date: February 18, 2005
13   CHANNEL ENTERTAINMENT TELEVISION                  )   Time: 2:30 p.m.
                                                       )
14   HOLDINGS, INC., a Delaware corporation;           )
                                                       )
15   SIGNATURES NETWORK, INC., a California            )
                                                       )
16   corporation; ZOMBA RECORDING CORPORATION, )
                                                       )
17   dba JIVE RECORDS, a New York corporation;         )
                                                       )
18   BRITNEY BRANDS, INC., a Louisiana corporation;    )
                                                       )
19   and BRITNEY TOURING, INC.,                        )
                                                       )
20   A Louisiana corporation.                          )
                                                       )
21                  Defendants.                        )
                                                       )
22                                                     )
                                                       )
23                                                     )
                                                       )
24   ────────────────────────────────────────────     )

25

                 GARNER DECLARATION - 1 - 04-CV-0326 DMS (JFS)

1    I, Rodd Garner, declare under the penalties of perjury, that the following is true:

2    1.   I am the President and founder of Lite Breeze, Inc. ("Lite Breeze"), the Plaintiff in this action.

3    2.   Lite Breeze has been a registered California corporation since 1989 and, since its inception, has been a

4         developer, supplier and distributor of musical, sporting and special event merchandise, including

5         promotional services to thousands of events nationwide. Lite Breeze also designs and distributes wholesale

6         and retail athletic uniforms, t-shirts, and promotional items. Lite Breeze has always outsourced its

7         decorating needs (i.e., screening and embroidery) and focused its efforts on sales, promotion, consulting

8         and event services, including fundraising within the sports and music industry with special emphasis on

9         benefiting charities and youth organizations.

10   3.   In 1992, Lite Breeze began using the phrase "in the zone" as a trademark in connection with its products

11        and services. The phrase was used on a retail clothing line, event merchandising, athletic uniforms and t-

12        shirts and specialty items.  Lite Breeze has used its mark on concert tickets, one CD, promotional posters,

13        flyers, banners and marquees.  Additionally, Lite Breeze has engaged in print and radio advertising

14        campaigns for its "in the zone" brand and sells its products on the World Wide Web.

15   4.   Lite Breeze has spent years developing a clean-cut, all-American image associated with its In the Zone

16        brand.  Because In the Zone products ultimately end up in the possession of children and young adults, it is

17        critically important to Lite Breeze that its In the Zone mark is free from sexually explicit content and

18        profanity.  Lite Breeze has never knowingly participated in any event that contains adult content and

19        purposefully gears its public image toward traditional family contents.  Lite Breeze is primarily a

20        wholesaler, its target customers are event organizers, school districts, charities, and sporting teams and

21        leagues.  Lite Breeze's clients in turn sell the "In The Zone" brand primarily to children and young adults

22        ages 8 to 25.  These school children and young adults are involved in extra circular activities such as sports,

23        band, cheerleading and others.  I estimate that Lite Breeze has sold over one million products nationwide

24        bearing the "In the Zone" trademark since the inception of the brand.

25   5.   Additionally, Lite Breeze sold "In The Zone" products in Europe for four years in the early 1990's in

          connection with a license agreement with the Italian based SEB Sports.  During the duration of that license,

1    Lite Breeze estimates that it sold a significant numbers products bearing the mark "In The Zone"

2    throughout fourteen European countries.

3    6.   Lite Breeze has a promotional program selling "$3 custom t-shirts." The "$3 custom t-shirts" represent a

4    wholesale promotional price to Lite Breeze's clients, who in turn mark the product up four to seven times

5    and resell the products to their customers at a cost of $12.00 to $21.00. This promotional program was

6    established to assist under-funded athletic and musical events that benefit charity and/or youth

7    organizations. By making available our "In the Zone" brand at low wholesale prices, Lite Breeze's clients

8    are able to use our products to raise money for their organizations or events. Lite Breeze specifically

9    designed this program to eliminate the middlemen in the industry who were reducing the margins and

10   ultimately reducing the funds that go directly to the event, team or charity.

11   7.   Recognizing and identifying the strong connection between sports and music, in 1994, Lite Breeze

12   continued its commitment to the music business by purchasing a multi-purpose venue outside of Chicago,

13   Illinois. The venue was named "The Zone" and was used as a concert hall, athletic center, restaurant, deli,

14   sports bar and concert consessions. Throughout the two-year period that Lite Breeze operated "The Zone,"

15   it held musical concerts at the venue, featuring local musicians as well as nationally recognized bands such

16   as Kansas and The Edgar Winter Band. Due to the death of The Zone's manager, Lite Breeze put the

17   venue up for sale because of its inability to manage the venue and its concerts from California.

18   8.   Unfortunately, most of the documents relating to Lite Breeze's operation of "The Zone" have been

19   discarded, lost or destroyed over the years. In my search for documents for this action, I discovered that

20   many of its documents were destroyed while in storage. The cause of the damage appears to have been

21   water and fire-related as the storage facility was in the 2003 San Diego fire area. Because the documents

22   have been destroyed, I attach hereto as Exhibit A photographs of The Zone venue.

23   9.   Lite Breeze has continued, under the "In the Zone" brand, to sponsor or co-sponsor musical events

24   primarily in the Southern California region. From 1998 through 2000, Lite Breeze co-sponsored the San

25   Diego Symphony. In 1999 and 2000 Lite Breeze was a co-sponsor of the Callaway Winery and Wilson

Creek Jazz Festivals in Temecula, California. Additionally, since 1997, Lite Breeze has sponsored the

1 | Holiday Bowl Parade and numerous marathons all featuring music. As a sponsor or co-sponsor of these

2 | events, Lite Breeze regularly provides merchandising and promotional support through the production and

3 | sale of merchandise, selling tickets to the concerts, distributing advertising for the concerts, outfitting

4 | concert staff members in "In the Zone" t-shirts and on occasion, operating a sales booth at the events to sell

5 | t-shirts and other promotional items at the retail level for event organizers. The dates indicated above are

6 | based upon my recollection and a reconstruction of events through Lite Breeze's checkbook registers. The

7 | documents relating to these events were destroyed by water and smoke damage during the 2003 fires.

8 | 10. I began using the phrase "in the zone" when I was eight years old in the 1969 in connection with baseball.

9 | Although I cannot say with one hundred percent accuracy that I was the first to use the phrase "in the

10 | zone," I have never found another use of the phrase that predates my use of "in the zone."

11 | 11. Lite Breeze filed its first trademark application for "In the Zone" in 1992. Shortly thereafter, Lite Breeze

12 | was involved in eight years of litigation against the Venator Group, formerly known as Kinney Shoes,

13 | before the Trademark Trial and Appeal Board ruled that Lite Breeze was entitled to the federally registered

14 | mark because its use of the phrase predated Venator's use of the phrase.

15 | 12. I have reviewed the Separate Statement of Material Facts in Support of Defendants' Motion for Summary

16 | Judgment or Partial Summary Judgment, which contains a list of all of the record albums and songs that

17 | have used the phrase "in the zone." Until this litigation, I had never heard of any of those songs, the

18 | ② | albums, or even any of the artists that produced the songs and albums.

19 | 13. I instructed Lite Breeze's attorneys purchased any Britney Spears "In the Zone" merchandise that they

20 | ⑥ | could find. I understand that my attorneys purchased two "In the Zone" t-shirts and a Britney Spears "In

21 | the Zone" poster on e-bay.

22 | 14. Had Ms. Spears limited her use of the phrase "in the zone" to the lyrics of the song "Me Against the

23 | Music" or even if she had titled the song "in the zone" rather than titling the entire album "In The Zone,"

24 | Lite Breeze would not have filed this lawsuit.

25 |

GARNER DECLARATION - 4 - 04-CV-0326 DMS (JFS)

15. Although Lite Breeze produced a compact disc entitled "Los Mariachis in the Zone & Over The Line" to celebrate the Old Mission Beach Athletic Club in San Diego and to give away free to its customers, Lite Breeze is currently not in the recording business. However, I can foresee Lite Breeze expanding into that business as we expand our representation of musicians.

Date: February 1, 2005

Rodd Garner

1 | KATHLEEN M. WALKER SBN 202185
Attorney At Law
2 | 3421 Thorn Street
San Diego, California 92104
3 | 619-255-0987 telephone
619-255-0986 facsimile
4 |
Attorney for Plaintiff
5 |



RECEIVED
FEB 0 3 2005
WYMAN & ISAACS LLP

Objections

6 |                    UNITED STATES DISTRICT COURT

7 |                  SOUTHERN DISTRICT OF CALIFORNIA

8 |

9 | LITE BREEZE, INC., a California corporation,    )   Case No.: 04 CV 0326 DMS (JFS)
                                                    )
10 |                    Plaintiff,                   )   DECLARATION OF ASTON CLARKE IN
                                                    )   OPPOSITION TO DEFENDANTS' MOTION FOR
11 |          vs.                                    )   SUMMARY JUDGMENT
                                                    )
12 | BRITNEY SPEARS, an individual; CLEAR           )   Judge:  Hon. Dana M. Sabraw
                                                    )   Date:  February 18, 2005
13 | CHANNEL ENTERTAINMENT TELEVISION               )   Time:  2:30 p.m.
                                                    )
14 | HOLDINGS, INC., a Delaware corporation;        )
                                                    )
15 | SIGNATURES NETWORK, INC., a California         )
                                                    )
16 | corporation; ZOMBA RECORDING CORPORATION, )
                                                    )
17 | dba JIVE RECORDS, a New York corporation;      )
                                                    )
18 | BRITNEY BRANDS, INC., a Louisiana corporation; )
                                                    )
19 | and BRITNEY TOURING, INC.,                     )
                                                    )
20 | A Louisiana corporation.                       )
                                                    )
21 |                    Defendants.                 )
                                                    )
22 |                                                 )
                                                    )
23 |                                                 )
                                                    )
24 | _____ )

25 |

                    CLARKE DECLARATION- 1 04 CV 0326 DMS (JFS)

I, Aston Clarke, declare under the penalties of perjury, that the following is true:

1. I am fourteen (14) years old and live in San Diego, California. I understand the meaning of the word "perjury" and I understand that I must tell the truth.

2. Last year, I was in the 8th grade at Corriera Junior High School. In March of last year, an article was published in a local newspaper about a local company named Lite Breeze that was suing Britney Spears for trademark infringement. My teacher led a class discussion about the lawsuit.

3. Everyone in my class knew about Britney Spears and her new CD named "In the Zone." Some people in my class had never heard of Lite Breeze or the t-shirts it makes with the "In the Zone" on them. When my teacher said that Lite Breeze had used the words "In the Zone" before Britney Spears had used the words "In the Zone," most kids in my class did not believe it.

4. About fifty percent (50%) of the kids in the class believed that Britney Spears owned the words "In the Zone" and that Lite Breeze was using the words "In the Zone" in order to make people believe that it was associated with Britney Spears.

Date: February 1, 2005

_Aston Clarke_

Aston Clarke

CLARKE DECLARATION- 2 04 CV 0326 DMS (JFS)

1   KATHLEEN M. WALKER SBN 202185
    Attorney At Law

2   3421 Thorn Street
    San Diego, California 92104

3   619-255-0987 telephone
    619-255-0986 facsimile

4

    Attorney for Plaintiff

5

**RECEIVED**

FEB 0 3 2005

WYMAN & ISAACS LLP

**Objections**

6             UNITED STATES DISTRICT COURT

7             SOUTHERN DISTRICT OF CALIFORNIA

8

9   LITE BREEZE, INC., a California corporation,   )   Case No.: 04 CV 0326 DMS (JFS)
                                     )

10              Plaintiff,   )   DECLARATION OF ROBERT RUANE IN
                                     )   OPPOSTION TO DEFENDANTS' MOTION FOR

11           vs.   )   SUMMARY JUDGMENT
                                     )

12   BRITNEY SPEARS, an individual; CLEAR   )   Judge: Hon. Dana M. Sabraw
                                     )   Date: February 18, 2005

13   CHANNEL ENTERTAINMENT TELEVISION   )   Time: 2:30 p.m.
                                     )

14   HOLDINGS, INC., a Delaware corporation;   )
                                     )

15   SIGNATURES NETWORK, INC., a California   )
                                     )

16   corporation; ZOMBA RECORDING CORPORATION, )
                                     )

17   dba JIVE RECORDS, a New York corporation;   )
                                     )

18   BRITNEY BRANDS, INC., a Louisiana corporation;   )
                                     )

19   and BRITNEY TOURING, INC.,   )
                                     )

20   A Louisiana corporation.   )
                                     )

21           Defendants.   )
                                     )

22                                          )

23                                          )

24

25

1   I, Robert Ruane, declare under the penalties of perjury, that the following is true:

2    1.   I have been an independent contractor and have been retained by Lite Breeze, Inc. for a number of

3     years. As an independent contractor for Lite Breeze, I act as its representative selling Lite Breeze's

4     promotional services and merchandise. My primary focus is the promotion of Lite Breeze's "In the

5     Zone" brand.

6    2.   As Lite Breeze's representative, I regularly operate the "In the Zone" both at special events throughout

7     Southern California such as Over the Line Softball, volleyball tournaments, jazz festivals, and the

8     Holiday Bowl Parade. The "In The Zone" booth usually displays a banner, poster or marquee that says

9     "In the Zone" in large letters.

10    3.   Beginning in the fall of 2003, I noticed an unusual amount of children and teenagers coming to the "In

11     the Zone" booth asking for information about Britney Spears. Subsequently I learned that Ms. Spears

12     had released a record album titled "In the Zone." Whenever I was asked about the Ms. Spears, I

13     always told people that there was absolutely no connection between Lite Breeze's "In the Zone" and

14     Ms. Spears' record album. I also explained that Lite Breeze's "In the Zone" was, among other things,

15     a brand of clothing. Additionally, parents made comments to me about Ms. Spears' overt sexuality.

16    4.   In early 2004, I found it made better business sense not to display the "In the Zone" banners outside of

17     the event booth because I was spending too little time working and too much time explaining to the

18     public that Lite Breeze's "In the Zone" had nothing to do with Ms. Spears and her record album.

19     Accordingly, I stopped displaying the "In the Zone" banners all together.

20    5.   During the period that I received these comments and questions, I did not ask anyone their names or

21     write down any of the comments because I did not realize that Lite Breeze was planning to file this

22     lawsuit. Now, over one year later, I cannot recall the names of any of the people I spoke to regarding

23     the confusion.

24

25   Date: February 1, 2005

          Robert Ruane

RUANE DECLARATION- 2   04 CV 0326 DMS (JFS)

1 | KATHLEEN M. WALKER SBN 202185
Attorney At Law
2 | 3421 Thorn Street
San Diego, California 92104
3 | 619-255-0987 telephone
619-255-0986 facsimile
4 |
Attorney for Plaintiff
5 |

RECEIVED
FEB 03 2005
WYMAN & ISAACS LLP

Objections

6 |                        UNITED STATES DISTRICT COURT

7 |                       SOUTHERN DISTRICT OF CALIFORNIA

8 |

9 | LITE BREEZE, INC., a California corporation,    )   Case No.: 04 CV 0326 DMS (JFS)
                                                   )
10 |              Plaintiff,                        )   DECLARATION OF KATHLEEN M. WALKER IN
                                                   )   OPPOSTION TO DEFENDANTS' MOTION FOR
11 |       vs.                                      )   SUMMARY JUDGMENT
                                                   )
12 | BRITNEY SPEARS, an individual; CLEAR          )   Judge: Hon. Dana M. Sabraw
                                                   )   Date: February 18, 2005
13 | CHANNEL ENTERTAINMENT TELEVISION             )   Time: 2:30 p.m.
                                                   )
14 | HOLDINGS, INC., a Delaware corporation;       )
                                                   )
15 | SIGNATURES NETWORK, INC., a California        )
                                                   )
16 | corporation; ZOMBA RECORDING CORPORATION,     )
                                                   )
17 | dba JIVE RECORDS, a New York corporation;     )
                                                   )
18 | BRITNEY BRANDS, INC., a Louisiana corporation; )
                                                   )
19 | and BRITNEY TOURING, INC.,                    )
                                                   )
20 | A Louisiana corporation.                      )
                                                   )
21 |              Defendants.                       )
                                                   )
22 |                                                )
                                                   )
23 |                                                )
                                                   )
24 | _____  )

25 |

WALKER DECLARATION - 1 - 04-CV-0326 DMS (JFS)

I, Kathleen M. Walker, declare under the penalties of perjury, that the following is true:

1. I am the attorney for Lite Breeze, Inc. ("Lite Breeze"), Plaintiff in this action. I am admitted to practice law in the State of California and admitted to practice before this Court.

2. Since at least July 2004, when Lite Breeze submitted its ENE statement to Judge Stivens, Defendants have been aware that Lite Breeze is asserting a reverse confusion theory of infringement.

3. In the course of searching for documents for the initial disclosures and in response to discovery requests, Lite Breeze discovered that many of its documents were either discarded, lost or destroyed due to water and smoke damage. I informed Defendants' counsel of the destruction of documents.

4. Attached hereto as Exhibit B is a true and correct copy of the "Super Bowl Entertainment Honor Roll" printed from www.superbowl.com, evidencing the 1982 appearance of Diana Ross as the half-time entertainer.

5. Attached hereto as Exhibit C is a true and correct copy of "NFL Kickoff Live 2003" from www.NFL.com, evidencing Defendant Spears' performance at the 2001 Superbowl XXXV with Aerosmith and *NSYNC.

6. Attached hereto as Exhibit D is a true and correct copy of "NASCAR, Britney Spears Announce Movie Project" printed from www.NASCAR.com, evidencing Defendant Spears' connection to NASCAR.

7. Attached hereto as Exhibit E is a true and correct copy of "Rock 'N' Roll Marathon" printed from www.rnrmarathon evidencing the existence of the Rock 'N' Roll Marathon.

8. Attached hereto as Exhibit F is a true and correct copy of "Country Music Marathon & Half Marathon" printed from www.cmmarathon.com, evidencing the existence of the Country Music Marathon.

9. Attached hereto as Exhibit G is a true and correct copy of "2005 Reggae Marathon & 1/2 Marathon" printed from www.reggaemarathon.com, evidencing the existence of the Reggae Marathon.

10. Attached hereto as Exhibit H is a true and correct copy of "Pepsi Auctions Britney Spears Memorabilia in Superbowl Tie-In," printed from www.auctionbytes.com, evidencing that the Spears/Pepsi commercials played during Super Bowl XXXV.

11. Attached hereto as Exhibit I is a true and correct copy of "Sports and Music: The Evolution," printed from www.espn.go.com, evidencing the existence of the ESPN Action Sports & Music Awards.

12. Attached hereto as Exhibit J is a true and correct copy of "Nike's 'Run Hit Wonder' Race National Tour Comes to Portland On August 1 Featuring 'One Hit Wonder' Bands," printed from www.nike.com, evidencing the existence of Nike's "One Hit Wonder" marathon.

13. Attached hereto as Exhibit K is a true and correct copy of "Britney Spears: In The Zone" by Rachel Thomas, printed from www.teentvmovies.about.com, evidencing Defendant Spears' ABC television special entitled "Britney Spears: In The Zone."

14. Attached hereto as Exhibit L is a true and correct copy of "Shooting Dulls Spears, Britney: In The Zone & Out All Night," printed from www.nydailynews.com, evidencing Defendant Spears' MTV television special entitled titled "Britney: In the Zone & Out All Night."

15. Attached hereto as Exhibit M is a true and correct copy of "Spears Tour Checks Into 'Onyx Hotel,'" printed from www.billboard.com, evidencing Defendant Zomba's statement that the "In the Zone" album debuted at number one and has sold 1.6 million copies as of January 2004.

16. Attached hereto as Exhibit N is a true and correct copy of "Britney Spears In The Zone DVD," issued in April 2004 by Defendant Zomba, doing business as Jive Records, printed from www.ubl.artistdirect.com, evidencing the release of the "In the Zone" DVD.

17. Attached hereto as Exhibit O is a true and correct copy of "Spears Tour Merchandise Sales Lead Female Acts," dated April 26, 2004 and printed from www.signaturesnetwork.com, quoting Dell Furano, CEO of Defendant Signatures Networks, about Defendant Spears' demographics and that the "TOXIC" t-shirt was the number one selling t-shirt on the concert tour.

18. Attached hereto as Exhibit P is a true and correct copy of Lite Breeze, Inc. v. Venator Group Retail, Inc., Opposition No. 99,389 to application Serial No. 74/801,684 (July 13, 1992).

19. Attached hereto as Exhibit Q is a true and correct copy of "Britney Spears Tour: The Onyx Hotel Tour" printed from Defendant Spears' official website www.britneyspears.com, evidencing that the Onyx Hotel Tour was cancelled in June 2004 due to Defendant Spears' knee injury.

20. Attached hereto as Exhibit R is a true and correct copy of the Onyx Hotel Tour items available to Defendant Spears' Official On-Line Store, printed from www.fanfare.com.

WALKER DECLARATION - 3 - 04-CV-0326 DMS (JFS)

21. Attached hereto as Exhibit S is a true and correct copy of Defendant Clear Channel Entertainment Television Holdings, Inc.'s Response to Plaintiff's First Set of Interrogatories, dated December 6, 2004.

22. Attached hereto as Exhibit T is a true and correct copy of "Britney Spears Considers Her Own Clothing Line," printed from www.ctv.ca, evidencing that Defendant Spears considered starting a clothing line.

23. Attached hereto as Exhibit U is a true and correct copy of two applications made by Defendant Spears to the United States Patent and Trademark Office for trademarks for "BRITNEY SPEARS THE ONYX HOTEL TOUR 2004" (serial number 78378189) and "TOXIC" (serial number 78378200), dated March 3, 2004.

24. Attached hereto as Exhibit V is a true and correct copy of "Britney Spears: It's My Life," printed from www.vh1.com, evidencing an interview given by Defendant Spears where she stated that the songs titled "Everytime" and "Touch of My Hand" "really laid the foundation for the rest of the album."

25. Attached hereto as Exhibit W is a true and correct copy of a definition of "foundation," from The American Heritage Dictionary (2nd College Ed. 1991) at 528.

26. Attached hereto as Exhibit X is a true and correct copy of a review of "Britney Spears In The Zone" printed from www.rollingstone.com, dated December 11, 2003.

27. Attached hereto as Exhibit Y is a true and correct copy of the lyrics to the songs on the "In the Zone" album, printed from www.lyricstop.com.

28. Attached hereto as Exhibit Z is a true and correct copy of a page from www.britney.com, evidencing that Defendant Spears has sold over "55 million albums."

29. Attached hereto as Exhibit AA is a true and correct copy of "Britney Spears Top Selling Artist This Millennium," printed from www.femalefirst.co.uk, dated January 20, 2005.

30. Attached hereto as Exhibit BB is a true and correct copy of "2004 Year-End Goggle Zeitgeist Search Patterns, Trends, and Surprises," printed from www.google.com, evidencing that Defendant Spears was the number one popular internet query in 2004.

31. Attached hereto as Exhibit CC is a true and correct copy of "2003 Year-End Goggle Zeitgeist Search Patterns, Trends, and Surprises," printed from www.google.com, evidencing that Defendant Spears was the number one popular internet query in 2003.

32. Attached hereto as Exhibit DD is a true and correct copy of "Onyx Hotel Tour Sales," printed from www.britneyspears.org, evidencing the ticket sales for Defendant Spears' 2004 concert tour for 17 cities.

33. Attached hereto as Exhibit EE is a true and correct copy of a review of the "In the Zone" album titled "Britney Spears-In the Zone," printed from www.the-wanderer.org, stating that the "In the Zone" album contains "soft-porn sex, orgasm imitations" and "the kind of causal sex that demeans all concerned."

34. Attached hereto as Exhibit FF is a true and correct copy of "Britney Spears In the Zone Review," printed from www.wisemempromotions.com, evidencing the sexual nature of the "In the Zone" album and lyrics.

35. Attached hereto as Exhibit GG is a true and correct copy of "Britney Spears *In the Zone*," printed from www.pluggedinonline.com, reviewing Defendant Spears' "In the Zone" album.

36. Attached hereto as Exhibit HH is a true and correct copy of "Don't Snub That Stub!," printed from www.rockontour.net, evidencing that concert ticket stubs are collector's items.

37. Attached hereto as Exhibit II is a true and correct copy of "Britney Spears 'In The Zone' Dance Competition" evidencing Defendant Clear Channel's co-sponsorship of a dance contest in the San Francisco Bay Area in February 2004.

38. Attached hereto as Exhibit JJ is a true and correct copy of an "In The Zone" poster produced by Defendant Zomba and purchased on ebay by Lite Breeze's attorneys.

39. Attached hereto as Exhibit KK is a true and correct copy of an advertisement by ticket seller Stub Hub for tickets to the "In The Zone Tour," printed from www.aoltickets.stubhum.com.

40. Attached hereto as Exhibit LL is a true and correct copy of an advertisement by WhatsOnWhen for tickets to the "In The Zone Tour" in Seattle, Washington, printed from www.whatsonwhen.com.

41. Attached hereto as Exhibit MM is a true and correct copy of an advertisement by ticket seller Tickets.com for tickets to the "In The Zone Tour 2004" in Oakland, California, printed from www.purchase.tickets.com.

42. Attached hereto as Exhibit NN is a true and correct copy of an advertisement by ticket seller

    Goodtimetickets.com for tickets to the "In The Zone Tour 2004," printed from www.goodtimetickets.com.

43. Attached hereto as Exhibit OO is a true and correct copy of an advertisement by Defendant Clear Channel

    for tickets to the "In The Zone Tour 2004," in Rosemont, Illinois, printed from

    www.thirdcoastmarketing.com.

44. Attached hereto as Exhibit PP is a true and correct copy of an advertisement from the Glendale Arena in

    Glendale, Arizona for announcing ticket sales for the "In The Zone 2004 Tour."  The advertisement also

    featured a picture of Defendant Spears in an Onyx Hotel Tour t-shirt.

45. Attached hereto as Exhibit QQ is a true and correct copy of the venues owned by Defendant Clear Channel

    as of December 2003.

⑧

Date: February 2, 2005

_Kathleen M. Walker_

Kathleen M. Walker

WALKER DECLARATION - 6 - 04-CV-0326 DMS (JFS)

KATHLEEN M. WALKER SBN 202185
Attorney At Law
3421 Thorn Street
San Diego, California 92104
619-255-0987 telephone
619-255-0986 facsimile

Attorney for Plaintiff

RECEIVED

FEB 0 3 2005

WYMAN & ISAACS LLP

*Objections*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITE BREEZE, INC., a California corporation, | ) Case No.: 04 CV 0326 DMS (JFS) |
| Plaintiff, | ) PLAINTIFF LITE BREEZE'S REQUEST FOR |
| vs. | ) JUDICIAL NOTICE |
| BRITNEY SPEARS, an individual; CLEAR | ) Judge: Hon. Dana M. Sabraw |
| CHANNEL ENTERTAINMENT TELEVISION | ) Date: February 18, 2005 |
| HOLDINGS, INC., a Delaware corporation; | ) Time: 2:30 p.m. |
| SIGNATURES NETWORK, INC., a California | ) |
| corporation; ZOMBA RECORDING CORPORATION, | ) |
| dba JIVE RECORDS, a New York corporation; | ) |
| BRITNEY BRANDS, INC., a Louisiana corporation; | ) |
| and BRITNEY TOURING, INC., | ) |
| A Louisiana corporation. | ) |
| Defendants. | ) |

LITE BREEZE'S REQUEST FOR JUDICIAL NOTICE - 1 -04 CV 0326 DMS (JFS)

1

### LITE BREEZE'S REQUEST FOR JUDICIAL NOTICE

2      Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Lite Breeze, Inc. respectfully request that

3  the Court take judicial notice of the following matters:

4      1.   In 1982 of Diana Ross was the half-time entertainer at the Superbowl.  Walker Dec. Ex. B.

5      2.   In 2001 Defendant Spears Defendant was a half-time entertainer at Superbowl XXXV, appearing with

6           Aerosmith and *NSYNC.  Walker Dec. Ex. C.

7      3.   In 2001, Pepsi aired commercials during Superbowl XXXV featuring Defendant Spears.  Her costumes

8           from those commercials were later auctioned on the World Wide Web.  Walker Dec. Ex. H.

9      4.   In 2003 Defendant Spears entered into an exclusive contract with NASCAR.  Ex. D.

10     5.   There are marathons named the  "Rock 'N' Roll Marathon," "Country Music Marathon & Half Marathon"

11          and "Reggae Marathon & 1/2 Marathon."  Walker Dec. Exs. E, F and G.

12     6.   Nike holds an annual marathon entitled "Nike's 'Run Hit Wonder' Race."  Walker Dec. Ex. J.

13     7.   The ESPN sports network holds an annual award show titled "ESPN Action Sports & Music Awards."

14          Walker Ex. I.

15     8.   Defendant Spears participated in a one-hour television special titled "Britney Spears—In The Zone," which

16          aired on ABC in November 2003.  Walker Dec. Ex. K.

17     9.   Defendant Spears participated in a one-hour television special titled "Britney Spears: In The Zone & Out

18          All Night," which aired on MTV in November 2003.  Walker Dec. Ex. L.

19     10.  The "In the Zone" album debuted at number one and has sold 1.6 million copies as of January 2004.

20          Walker Dec. Ex. M.

21     11.  An article titled "Spears Tour Merchandise Sales Lead Female Acts" was published on April 26, 2004 and

22          is available at www.signaturesnetwork.com.  Walker Dec. Ex. O.

23     12.  The "Onyx Hotel Tour" was cancelled in June 2004 due to Defendant Spears' knee injury.  Walker Dec.

24          Ex. Q.

25     13.  "Onyx Hotel Tour" promotional  items are available on Defendant Spears' Official On-Line Store.  Walker

           Dec. Ex. R.

1    14. An article titled "Britney Spears Considers Her Own Clothing Line," is available at www.ctv.ca.  Walker

2        Dec. Ex. T.

3    15. On March 3, 2004, Defendant Spears applied to the United States Patent and Trademark Office for the

4        trademarks "BRITNEY SPEARS THE ONYX HOTEL TOUR 2004" (serial number 78378189) and

5        "TOXIC" (serial number 78378200).  Walker Dec. Ex. U.

6    16. Defendant Spears stated in an interview with VH1 that the songs entitled "Everytime" and "Touch of My

7        Hand" "really laid the foundation for the rest of the album."  A printed version of the interview is available

8        at www.vh1.com.  Walker Dec. Ex. V.

9    17. Rolling Stone Magazine reviewed the "In The Zone" album on December 11, 2003.  A printed version of

10       the review is available at www.rollingstone.com.  Walker Dec. Ex. W.

11   18. Defendant Spears has sold over 55 million record albums.  Walker Ex. Z.

12   19. In January 2005 Defendant Spears was named the "Top Selling Female Artist This Millennium."  Walker

13       Dec. Ex. AA.

14   20. In 2003 and 2004, "Britney Spears" was the most popular Internet query according to "Year-End Goggle

15       Zeitgeist Search Patterns, Trends, and Surprises."  Walker Ex. BB and CC.

16   21. Sales figures for 17 cities on Defendant Spear's "Onyx Hotel Tour" are available at

17       www.britneyspears.org.  Walker Dec. Ex. DD.

18   22. A reviewer from The Wander reviewed the "In the Zone" album and stated that the "In the Zone" album

19       contains "soft-porn sex, orgasm imitations" and "the kind of causal sex that demeans all concerned."  A

20       copy of the review is available at www.the-wanderer.org.  Walker Dec. Ex. EE.

21   23. A reviewer from Wisemen Promotions reviewed the "In the Zone" album.  The review contained

22       comments about the sexual nature of the lyrics to the songs on the album.  A copy of the review is available

23       at www.wisemempromotions.com.  Walker Dec. Ex. FF.

24   24. A reviewer from Plugged In Online reviewed the "In the Zone" album and published the review as "Britney

25       Spears *In the Zone*." A copy of the review is available at www.pluggedinonline.com.  Walker Dec. Ex. GG.

1   25. Rock On Tour published an article titled "Don't Snub That Stub!," stating that concert ticket stubs are

2   collector's items.  A copy of the article is available at www.rockontour.net.  Walker Dec. Ex. HH.

3   26. Defendant Clear Channel co-sponsored a dance contest in the San Francisco Bay Area in February 2004

4   entitled "Britney Spears 'In The Zone' Dance Competition."  Walker Dec. Ex. H

5   27. Defendant Zomba produced a two-sided poster and used the phrase "In the Zone" on the poster eight times.

6   Walker Dec. Ex. JJ.

7   28. Ticker seller, Stub Hub, advertised tickets to the "In The Zone Tour."  Walker Dec. Ex. KK

8   29. WhatsOnWhen  advertised tickets to the "In The Zone Tour" in Seattle, Washington.  Walker Dec. Ex. LL.

9   30. Ticket seller Tickets.com advertised tickets to the "In The Zone Tour 2004" in Oakland, California.

10   Walker Dec. Ex. MM.

11   31. Goodtimetickets.com advertised tickets to the "In The Zone Tour 2004."  Walker Dec. Ex. NN.

12   32. Defendant Clear Channel advertised tickets to the "In The Zone Tour 2004," in Rosemont, Illinois.  Walker

13   Dec. Ex. OO.

14   33. The Glendale Arena in Glendale, Arizona advertised the "In The Zone Tour 2004" in a print advertisement

15   that also featured Defendant Spears in an Onyx Hotel Tour t-shirt.  Walker Dec. Ex. PP.

16   34. Defendant Clear Channel owns concert venues throughout the world.  Walker Dec. Ex. QQ.

17

18

19   February 2, 2005

*Kathleen M. Walker*

Kathleen M. Walker
Attorney For Plaintiff
Lite Breeze, Inc.

20

21

22

23

24

25

LITE BREEZE'S REQUEST FOR JUDICIAL NOTICE - 4 -04 CV 0326 DMS (JFS)

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and my business address is 100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401. I am over the age of 18 and not a party to this action.

On February 10, 2005, I served the foregoing document described as **DEFENDANT ZOMBA'S OBJECTIONS TO, AND MOTION TO STRIKE, PORTIONS OF THE DECLARTIONS OF RODD GARNER, ASTON CLARK, ROBERT RUANE AND KATHLEEN WALKER, AND THE REQUEST FOR JUDICIAL NOTICE SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

Kathleen M. Walker, Esq.
Attorney at Law
3421 Thorn Street
San Diego, CA 92104

[X]     I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ]     I hand delivered such document to the offices of the addressee.

[ ]     I placed such envelope in a box or other facility regularly maintained by Federal Express, in an envelope or package designated and provided by Federal Express, with delivery fees paid or provided for, addressed to the above-indicated addressees.

[ ]     I caused a copy of the foregoing document to be faxed to the addressee.

Executed on February 10, 2005 at Santa Monica, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Kimberli Balfour